FEINMAN, J.
***315 This appeal requires us to answer a question that has perplexed courts for some time: Whether a plaintiff is entitled to partial summary judgment on the issue of a defendant's liability, when, as here, defendant has arguably raised an issue of fact regarding plaintiff's comparative negligence. Stated differently, to obtain partial summary judgment in a comparative negligence case, must plaintiffs establish the absence of their own comparative negligence. We hold that a plaintiff does not bear that burden.
I.
Plaintiff Carlos Rodriguez was employed by the New York City Department of Sanitation (DOS) as a garage utility worker. He was injured while "outfitting" sanitation trucks with tire chains and plows to enable them to clear the streets of snow and ice. The following facts are uncontradicted: On a snowy winter day, plaintiff and his two coworkers were tasked with outfitting sanitation trucks with tire chains and plows at the Manhattan 5 facility. Typically, the driver backs the truck into one of the garage bays, and the driver and other members of the team "dress" the truck. One person acts as a guide, assisting the driver by providing directions through appropriate hand signals while standing on the passenger's side of the truck. Once the truck is safely parked in the garage, the driver, the guide, and the third member of the team (here, plaintiff) place chains on the truck's tires.
At the time of his accident, plaintiff was standing between the front of a parked Toyota Prius and a rack of tires outside of the garage bay while the driver began backing the sanitation truck into the garage. The guide, at some point, stood on the driver's side of the sanitation truck while directing the driver in violation of established DOS safety practices. The sanitation truck began skidding and eventually crashed into the front of the parked Toyota Prius, propelling the car into plaintiff and pinning him up against the rack of tires. Plaintiff was taken to the hospital and ultimately had to undergo spinal fusion surgery, a course of lumbar epidural steroid injections, and extensive physical *368 **900 therapy. He is permanently disabled from working. ***316 Plaintiff commenced this negligence action against the City of New York. After discovery, he moved for partial summary judgment on the issue of defendant's liability pursuant to CPLR 3212. Defendant opposed the motion and cross-moved for summary judgment in its favor. Supreme Court denied both motions. In denying plaintiff's motion for partial summary judgment, Supreme Court held that there were triable issues of fact regarding foreseeability, causation, and plaintiff's comparative negligence.[1]
The Appellate Division, among other things, affirmed the denial of plaintiff's motion for partial summary judgment ( Rodriguez v. City of New York, 142 A.D.3d 778, 37 N.Y.S.3d 93 [1st Dept. 2016] ). The majority, relying on this Court's memorandum decision in Thoma v. Ronai, 82 N.Y.2d 736, 602 N.Y.S.2d 323, 621 N.E.2d 690 [1993] ), held that plaintiff was not entitled to partial summary judgment on the issue of liability, because he failed to make a prima facie showing that he was free of comparative negligence. The dissent, relying on the language and purpose of CPLR article 14-A, would have held that plaintiff does not bear the burden of disproving the affirmative defense of comparative negligence, and thus, plaintiff should have been granted partial summary judgment on the issue of defendant's liability (Rodriguez, 142 A.D.3d at 797, 37 N.Y.S.3d 93 [Acosta, J., dissenting] ).
The Appellate Division granted plaintiff leave to appeal to this Court (lv granted --- A.D.3d ----, 2016 N.Y. Slip. Op. 96039[U] [1st Dept. 2016] ), certifying the following question: "Was the order of Supreme Court, as affirmed by this Court, properly made?"[2]
***317 II.
Whether a plaintiff must demonstrate the absence of his or her own comparative negligence to be entitled to partial summary judgment as to a defendant's *369 **901 liability is a question of statutory construction of the CPLR. The usual rules of statutory construction apply to the provisions of the CPLR (see, e.g., Chianese v. Meier, 98 N.Y.2d 270, 275, 746 N.Y.S.2d 657, 774 N.E.2d 722 [2002] ). "In matters of statutory interpretation, our primary consideration is to discern and give effect to the Legislature's intention" ( Matter of Albany Law School v. New York State Off. of Mental Retardation & Dev. Disabilities, 19 N.Y.3d 106, 120, 945 N.Y.S.2d 613, 968 N.E.2d 967 [2012] ). We look "first to the plain language of the statute[ ] as the best evidence of legislative intent" ( Matter of Malta Town Ctr. I, Ltd. v. Town of Malta Bd. of Assessment Review, 3 N.Y.3d 563, 568, 789 N.Y.S.2d 80, 822 N.E.2d 331 [2004] ).
CPLR 3212, which governs summary judgment motions, provides that "[t]he motion shall be granted if ... the cause of action ... [is] established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" ( CPLR 3212[b] ). The motion for summary judgment must also "show that there is no defense to the cause of action" (id. ). Further, subsection [c] of the same section sets forth the procedure for obtaining partial summary judgment and states that "[i]f it appears that the only triable issues of fact arising on a motion for summary judgment relate to the amount or extent of damages ... the court may, when appropriate for the expeditious disposition of the controversy, order an immediate trial of such issues of fact raised by the motion" ( CPLR 3212[c] ).
Article 14-A of the CPLR contains our State's codified comparative negligence principles. CPLR 1411 provides that
"[i]n any action to recover damages for personal injury, injury to property, or wrongful death, the ***318 culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages." (Emphasis added.)
CPLR 1412 further states that "[c]ulpable conduct claimed in diminution of damages, in accordance with [ CPLR 1411 ], shall be an affirmative defense to be pleaded and proved by the party asserting the defense."
Placing the burden on the plaintiff to show an absence of comparative fault is inconsistent with the plain language of CPLR 1412. In 1975, New York adopted a system of pure comparative negligence, and, in so doing, directed courts to consider a plaintiff's comparative fault only when considering the amount of damages a defendant owes to plaintiff. The approach urged by defendant is therefore at odds with the plain language of CPLR 1412, because it flips the burden, requiring the plaintiff, instead of the defendant, to prove an absence of comparative fault in order to make out a prima facie case on the issue of defendant's liability.[3]
*370 ***319 **902 Defendant's approach also defies the plain language of CPLR 1411, and, if adopted, would permit a possible windfall to defendants. CPLR 1411 explicitly provides that "[i]n any action to recover damages for personal injury ... the culpable conduct attributable to the [plaintiff] ... shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion ... attributable to the claimant." For example, assuming in a hypothetical case a defendant's negligence could be established as a matter of law because defendant's conduct was in violation of a statute (see PJI 2:26 ) and further assuming plaintiff was denied partial summary judgment on the issue of defendant's negligence because plaintiff failed to establish the absence of his or her own comparative negligence, the jury would be permitted to decide the question of whether defendant was negligent and whether defendant's negligence proximately caused plaintiff's injuries. If the jury answers in the negative on the question of defendant's negligence, the plaintiff would be barred from recovery even though defendant's negligence was established as a matter of law and in contradiction to the plain language of ***320 CPLR 1411. Such a windfall to a defendant would violate section 1411's mandate that a plaintiff's comparative negligence "shall not bar recovery" and should only go to the diminution of damages recoverable by plaintiff. Furthermore, it is no answer to this conundrum that the trial court could set aside the verdict. The whole purpose of partial summary judgment is to streamline and focus the factfinder on the issues that need resolution, and avoid having juries make findings that are contrary to law. *371 **903 Defendant's attempts to rely on CPLR 3212's plain language in support of its preferred approach are also unavailing. Specifically, defendant points to CPLR 3212(b), which provides; "[a] motion for summary judgment shall ... show that there is no defense to the cause of action." Defendant's approach would have us consider comparative fault a defense. But, comparative negligence is not a defense to the cause of action of negligence, because it is not a defense to any element (duty, breach, causation) of plaintiff's prima facie cause of action for negligence, and as CPLR 1411 plainly states, is not a bar to plaintiff's recovery, but rather a diminishment of the amount of damages.
The approach we adopt is also supported by the legislative history of article 14-A. (see Tompkins Cty. Support Collection Unit ex rel. Chamberlin v. Chamberlin, 99 N.Y.2d 328, 335, 756 N.Y.S.2d 115, 786 N.E.2d 14 [2003] ["[T]he legislative history of an enactment may also be relevant and is not to be ignored, even if words be clear."] (internal quotation marks and citations omitted] ). Article 14-A's enactment was proposed by the 1975 Judicial Conference of the State of New York (the Conference) in response to this Court's decision in Dole v. Dow Chemical Co., 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 [1972] ), which first provided for the apportionment of negligent responsibility among joint tortfeasors. In proposing the section which later became CPLR 1411, the Conference specifically noted that neither the defense of contributory negligence or assumption of risk "shall continue to serve as complete defenses" in negligence actions (21st Ann Rep of N.Y. Jud Conf at 240). In proposing the section which became CPLR 1412, the Conference urged the adoption of the then-majority rule in this country, which provided that "in all negligence actions ... the defendant claiming contributory negligence of the plaintiff has the burden of showing it" (id. at 245). The Conference also observed that the "burden of pleading and burden of proof are usually parallel" and that "[t]his article may be viewed as having created a partial defense, the effect of which is to mitigate damages, and ***321 such defenses traditionally must be pleaded affirmatively" (id. at 246).
When article 14-A was proposed in the legislature, the Introducer's Memorandum before the New York Assembly noted that the then-current system of traditional contributory negligence had "become an obstacle to the dispensing of substantial justice" (Assembly Introducer's Mem in Support, Bill Jacket, L 1975, ch 69 at 5-7). The purpose of the law was to bring "New York law into conformity with the majority rule and represents the culmination of the gradual but persistent erosion of the rule that freedom from contributory negligence must be pleaded and proven by the plaintiff" (id., citing Rossman v. La Grega, 28 N.Y.2d 300, 304, 321 N.Y.S.2d 588, 270 N.E.2d 313 [1971] ). The legislative history of article 14-A makes clear that a plaintiff's comparative negligence is no longer a complete defense and its absence need not be pleaded and proved by the plaintiff, but rather is only relevant to the mitigation of plaintiff's damages and should be pleaded and proven by the defendant.[4]
*372 **904 Resolution of the issue before us necessarily turns on the interpretation and interplay of these various CPLR provisions. In Thoma v. Ronai, 82 N.Y.2d 736, 602 N.Y.S.2d 323, 621 N.E.2d 690 [1993], this Court held that the plaintiff there did not meet her burden of demonstrating the absence of any material fact; "a factual question of her reasonable care" existed, and thus plaintiff was properly denied summary judgment ( id. at 737, 602 N.Y.S.2d 323, 621 N.E.2d 690 ). However, Thoma never addressed ***322 the precise question we now confront. The decision itself never considered the import of article 14-A, and a review of the briefs publicly filed in that case reveal that the plaintiff proceeded on the assumption that if a question of fact existed as to her negligence, summary judgment on the issue of liability would be denied. The plaintiff in Thoma, in her limited submissions to this Court, maintained that "[t]he crux of the case is the existence, as a matter of law, of any question of culpable conduct (contributory negligence) by the Plaintiff that would warrant the Trial Court's denial of summary judgment pursuant to C.P.L.R. § 3212 on the issue of Defendant's liability" ( Thoma, App's Br. at 1). Thus, to the extent that the Departments of the Appellate Division have interpreted Thoma as explicitly holding that a plaintiff must show an absence of comparative fault in order to obtain partial summary judgment on liability, such a reading of Thoma is mistaken (see Global Reinsurance Corp. v. Century Indemnity Co., 30 N.Y.3d 508, 517, 69 N.Y.S.3d 207, 91 N.E.3d 1186 [2017] ["(T)he Court's holding comprises only those 'statements of law which address issues which were presented to the (Court] ) for determination.' "], quoting Village of Kiryas Joel v. County of Orange, 144 A.D.3d 895, 900, 43 N.Y.S.3d 51 [2d Dept. 2016] ).[5] *373 ***323 **905 On this appeal, plaintiff raises the issue not addressed in Thoma. Plaintiff contends, even assuming there is an issue of fact regarding his comparative fault, that he is entitled to partial summary judgment on the issue of defendant's liability. Defendant would have us follow the line of cases that hold that plaintiff bears the burden of disproving comparative fault as a component of establishing his prima facie entitlement to partial summary judgment on the issue of defendant's liability. Defendant points to various instances of plaintiff's conduct in this case and asserts that plaintiff was comparatively negligent. We agree with plaintiff that to obtain partial summary judgment on defendant's liability he does not have to demonstrate the absence of his own comparative fault.
We also reject defendant's contention that granting the plaintiff partial summary judgment on defendant's liability serves no practical purpose. A principal rationale of partial summary judgment is to narrow the number of issues presented ***324 to the jury (see Janos v. Peck, 21 A.D.2d 529, 531 [1964], affd 15 N.Y.2d 509, 254 N.Y.S.2d 115, 202 N.E.2d 560 [1964] ). In a typical comparative negligence trial, the jury is asked to answer five questions:
1. Was the defendant negligent?
2. Was defendant's negligence a substantial factor in causing [the injury or the accident]?
*374 **906 3. Was plaintiff negligent?
4. Was plaintiff's negligence a substantial factor in causing (his or her) own injuries?
5. What was the percentage of fault of the defendant and what was the percentage of fault of the plaintiff?
( PJI 2:36 ). Where plaintiff has already established defendant's liability as a matter of law, granting plaintiff partial judgment eliminates the first two questions submitted to the jury, thereby serving the beneficial purpose of focusing the jury on questions and issues that are in dispute.
Nor do we agree with defendant that what it characterizes as bifurcation of the issues of defendant's liability from plaintiff's liability runs counter to the Pattern Jury Instructions. When a defendant's liability is established as a matter of law before trial, the jury must still determine whether the plaintiff was negligent and whether such negligence was a substantial factor in causing plaintiff's injuries. If so, the comparative fault of each party is then apportioned by the jury. Therefore, the jury is still tasked with considering the plaintiff's and defendant's culpability together. As a practical matter, a trial court will instruct the jury in a modified version of Pattern Jury Instruction 1:2B that the issue of defendant's negligence, and in some cases, the related proximate cause question, have been previously determined as a matter of law. Trial courts are experienced in crafting such instructions, for example when liability has already been determined in a bifurcated trial, or when an Appellate Division upholds a liability determination and remands solely for a recalculation of damages, or a trial on damages has been ordered pursuant to CPLR 3212(c).
III.
To be entitled to partial summary judgment a plaintiff does not bear the double burden of establishing a prima facie case of ***325 defendant's liability and the absence of his or her own comparative fault. Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the case remitted to the Appellate Division for consideration of issues raised but not determined on the appeal to that Court and the certified question answered in the negative.

Defendant moved for summary judgment on the ground that an employee cannot recover for injuries sustained while doing an assigned job, the purpose of which is to eliminate the cause of the injury. However, Supreme Court disagreed and held that defendant was not entitled to dismissal of the complaint, because contrary to defendant's assertion, "the danger of being knocked down by a skidding sanitation vehicle is not an ordinary and obvious hazard of plaintiff's employment," nor is it "inherent in the work of a sanitation worker" (Rodriguez v. City of New York, 2014 WL 10726797, at *2 [Sup. Ct., N.Y. County, Oct. 16, 2014, No. 109444/2011, Freed, J.] ). The propriety of this ruling is not before us as defendant did not cross-appeal Supreme Court's order.

Defendant additionally argues that material issues of fact exist as to its negligence, which bar plaintiff from obtaining partial summary judgment. We do not reach this issue.
The Appellate Division began its analysis by framing the sole issue for resolution as "whether a plaintiff seeking summary judgment on the issue of liability must establish, as a matter of law, that he or she is free from comparative fault" (Rodriguez, 142 A.D.3d at 778, 37 N.Y.S.3d 93). To be sure, Supreme Court addressed the issue of defendant's negligence and agreed with defendant that there are questions of fact as to foreseeability and causation. We do not read the Appellate Division's majority decision as reaching the merits of whether there is any question of fact as to defendant's negligence. Both the majority and dissenting opinions at the Appellate Division framed their resolution of this appeal as turning on whether plaintiff bore the burden of proving the absence of comparative negligence. Although the majority's five-page decision contains one sentence that makes a passing reference to defendant's negligence, it is utilized to distinguish a prior case on the issue of comparative negligence as a bar to summary judgment and is not offered as an evaluation of the merits of defendant's alternative argument.

Various commentators have pointed out this inconsistency. The late Professor David Siegel, a preeminent expert in New York civil practice, has referred to the approach defendant proposes as "peculiar," for it "imposes on the plaintiff the burden of establishing ... freedom from comparative fault even though by statute that's a burden of both pleading and proof borne by the defendant under the specific terms of CPLR 1412" (Siegel, N.Y. Prac § 280 [5th ed 2011, Jan. 2013 Update] ).
Professor Patrick Connors similarly notes:
"CPLR 1412 and the standards of summary judgment appear to require that defendant tender sufficient evidence to support the affirmative defense on the facts of the case. Requiring the plaintiff moving for partial summary judgment on liability to affirmatively establish complete freedom from comparative fault, while allow defendant to simply contend that plaintiff has committed at least some culpable conduct, appears to tilt the scales too favorably for the defendant" (Patrick M. Connors, Can Comparative Fault Stop the Train Known as Summary Judgment?, NYLJ, Jan. 16, 2013 at 2).
Finally, John R. Higgitt writes in the Practice Commentaries to CPLR 3212 that the approach favored by Siegel and Connors, which he refers to as the "Siegel approach," has appeal for at least two reasons. First, he notes:
"CPLR 1411's language suggests that a plaintiff seeking partial summary judgment on the issue of the defendant's liability should not have the burden of showing her freedom of comparative fault ... If a plaintiff's comparative fault 'shall not bar recovery' but merely diminishes her damages award, then it would seem that the plaintiff should not be required to prove her freedom from comparative fault as a precondition to obtaining partial summary judgment on the issue of the defendant's liability" (John R. Higgitt, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3212:15).
Secondly, he contends that "the Siegel approach provides for harmony between the substantive law of torts and the rules of decision on a plaintiff's motion for partial summary judgment" (id. ). Higgitt writes:
"A plaintiff is entitled to recover damages in a negligence action if she demonstrates that a defendant's negligence was "a" proximate cause of the plaintiff's injuries, i.e., that the defendant's negligence was one, not necessarily the only, substantial factor in causing the injuries. Thus, a plaintiff's right of recovery arises on her showing that the defendant was negligent and that the defendant's negligence was a proximate cause of the plaintiff's injuries, and any comparative fault on the plaintiff's part will merely diminish the damages award. Under the present rule reflected in the decisions of the First and Second Departments, a plaintiff seeking partial summary judgment on the issue of the defendant's liability is required to prove her freedom from comparative fault. That doesn't seem to jibe with the rule of substantive law providing that a plaintiff is entitled to recover once she establishes that the defendant was negligent and that the defendant's negligence was a proximate cause of the plaintiff's injuries" (id. [citation omitted] ).

The dissent points to recently proposed amendments to CPLR 1412, explicitly pronouncing that the party asserting the defense of comparative negligence must interpose proof of such culpable conduct when asserting the defense on a motion for summary judgment, to contend that the Legislature is "under the impression" that Thoma is the correct and currently binding rule (see dissenting op. at 328, 76 N.Y.S.3d at 908, 101 N.E.3d at 376, citing S.2057/2017-2018 Reg Sess [NY 2017]; S7779/2016-2017 Reg Sess [NY 2016]; 2017 A.2776 [2017] ). However, "we have often been reluctant to ascribe persuasive significance to legislative inaction" (Desrosiers v. Perry Ellis Menswear, LLC, 30 N.Y.3d 488, 491, 90 N.E.3d 1262 [2017], quoting Boreali v. Axelrod, 71 N.Y.2d 1, 13, 523 N.Y.S.2d 464, 517 N.E.2d 1350 [1987] ; see also Pension Ben. Guar. Corp. v. LTV Corp., 496 U.S. 633, 650, 110 S.Ct. 2668, 110 L.Ed.2d 579 [1990] ["Congressional inaction lacks persuasive significance because several equally tenable inferences may be drawn from such inaction, including the inference that the existing legislation already incorporated the offered change."] ). While at times, we have construed legislative inaction "to be some manifestation of legislative approbation" of a lower's court's interpretation of a particular statute, that is only the case in "instances in which the legislative inactivity has continued in the face of a prevailing statutory construction" (Brooklyn Union Gas Co. v. New York State Human Rights Appeal Bd., 41 N.Y.2d 84, 90, 390 N.Y.S.2d 884, 359 N.E.2d 393 [1976] ). That is not the case here, where the Appellate Division Departments have struggled to adopt a universal interpretation.

The dissenters question our assessment of Thoma and assert that our interpretation is "undermined by later case law" (dissent op. at 326, 76 N.Y.S.3d at 907, 101 N.E.3d at 375). The dissent maintains that in our memorandum decision in Sammis v. Nassau/Suffolk Football League, 95 N.Y.2d 809, 810, 710 N.Y.S.2d 834, 732 N.E.2d 941 [2000] ), and summary reversal in Castiglione v. Kruse, 27 N.Y.3d 1018, 1019, 32 N.Y.S.3d 579, 52 N.E.3d 243, reargument denied, 28 N.Y.3d 941, 38 N.Y.S.3d 509, 60 N.E.3d 403 [2016], we reaffirmed the purported procedural rule created by Thoma. Notably missing from either of those decisions is any discussion or even citation to Thoma. In fact, it appears this Court has never cited Thoma for any proposition whatsoever. Neither Sammis or Castiglione addressed whether the CPLR requires plaintiffs to show an absence of comparative fault in order to obtain partial summary judgment on the issue of liability. Further, while we reversed the Appellate Division in Castiglione, holding that "triable questions of fact precluded summary judgment in plaintiff's favor," it is not at all clear whether such questions of fact related to comparative negligence, the defendant's negligence, or some other issue related to liability. Contrary to the dissenters' view, neither Thoma nor these subsequent decisions created a procedural rule placing the burden on plaintiffs to show an absence of comparative fault in order to obtain partial summary judgment on the issue of defendant's liability.
It bears noting that initially courts did not even treat Thoma as creating a new rule requiring that plaintiffs show an absence of comparative negligence in order to obtain partial summary judgment on the issue of a defendant's liability. Indeed, at least in the First Department, a majority of the appellate decisions initially refrained from putting such a burden on plaintiffs even after Thoma (see, e.g., Pace v. Robinson, 88 A.D.3d 530, 930 N.Y.S.2d 581 [1st Dept. 2011] ); Gonzalez v. Arc Interior Const., 83 A.D.3d 418, 921 N.Y.S.2d 33 [1st Dept. 2011] ; Strauss v. Billig, 78 A.D.3d 415, 909 N.Y.S.2d 724 [1st Dept. 2010] ; Tselebis v. Ryder Truck Rental, Inc., 72 A.D.3d 198, 895 N.Y.S.2d 389 [1st Dept. 2010] ). These decisions reasoned, as articulated in Tselebis, that placing the burden on plaintiffs to show freedom from comparative negligence as a component of their prima facie showing on summary judgment "cannot be reconciled" with CPLR 1411 and 1412"if the statute[s][are] to be given effect" (Tselebis, 72 A.D.3d at 200, 895 N.Y.S.2d 389 ).
However, in Roman v. A1 Limousine, Inc., 76 A.D.3d 552, 907 N.Y.S.2d 251 [2d Dept. 2010] ), the Second Department parted company with the First Department. That court explicitly read Thoma as creating such a procedural rule, and held that "plaintiff's motion for summary judgment on the issue of liability was properly denied where plaintiff's submissions failed to eliminate a triable issue of fact regarding her comparative negligence" (id. at 553, 907 N.Y.S.2d 251 ). Since Roman, the clear majority (but not all) of Second Department cases have relied on Thoma as answering this issue, and have placed the "double burden" on plaintiffs to not only prove the defendant's prima facie negligence as a matter of law, but also prove their own absence of comparative negligence as a matter of law in order to obtain partial summary judgment on the issue liability.
After Roman, the First Department began to reconsider its holding in Tselebis, but it appears to remain sharply divided internally over the issue (see, e.g., Calcano v. Rodriguez, 91 A.D.3d 468, 936 N.Y.S.2d 185 [1st Dept. 2012, Catterson, J., concurring];Maniscalco v. New York City Transit Auth., 95 A.D.3d 510, 943 N.Y.S.2d 486 [1st Dept. 2012, DeGrasse, J., dissenting];Capuano v. Tishman Constr. Corp., 98 A.D.3d 848, 950 N.Y.S.2d 517 [1st Dept. 2012, Acosta, J., concurring] ); Geralds v. Damiano, 128 A.D.3d 550, 10 N.Y.S.3d 38 [1st Dept. 2015, Moskowitz, J., dissenting] ). The Fourth Department recently held in Simoneit v. Mark Cerrone, Inc., 122 A.D.3d 1246, 996 N.Y.S.2d 810 [4th Dept. 2014] ), that a plaintiff was entitled to partial summary judgment on the issue of defendant's liability, notwithstanding unresolved questions of fact regarding the plaintiff's comparative fault (see id. at 1248, 996 N.Y.S.2d 810 ).