Tiberg v Strebel-Eichner (2018 NY Slip Op 05714)





Tiberg v Strebel-Eichner


2018 NY Slip Op 05714


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-12607
 (Index No. 604277/16)

[*1]Jeanine Tiberg, respondent, 
v
Karen Strebel-Eichner, appellant.


Gialleonardo, Frankini & Harms, Mineola, NY (Andrew J. Frank of counsel), for appellant.
Levine and Wiss, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated November 16, 2016. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
On October 20, 2015, at about 5:40 p.m., the parties were involved in an automobile accident at the intersection of Grundy Avenue and Furrows Road in the Town of Islip. The intersection was governed by a four-way stop sign. The plaintiff commenced this action against the defendant to recover damages for personal injuries allegedly sustained by her as a result of the accident. Subsequently, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendant appeals.
"Any party may move for summary judgment in any action, after issue has been joined" (CPLR 3212[a]). Here, the plaintiff's motion, which was made before the completion of discovery, was predicated almost entirely on her own affidavit explaining how the accident occurred. The defendant, in opposition, submitted an affidavit presenting a different version of events. Although the plaintiff met her prima facie burden of proof that the defendant failed to yield the right of way, and that such failure was a proximate cause of the accident (see Rodriguez v City of New York, 31 NY3d 312), the defendant's opposition raised triable issues of fact, inter alia, as to which vehicle entered the intersection first, and which vehicle had the right of way. Therefore, the plaintiff's motion for summary judgment on the issue of liability should have been denied (see Poon v Nisanov, 162 AD3d 804).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court