Outar v Sumner (2018 NY Slip Op 06103)





Outar v Sumner


2018 NY Slip Op 06103


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-10399
 (Index No. 713135/15)

[*1]Kenneth Outar, appellant, 
v
John G. Sumner, et al., respondents.


Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for appellant.
Richard T. Lau, Jericho, NY (Marcella Gerbasi Crewe of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered August 24, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff allegedly was injured during the course of his employment as a New York City Police Department traffic enforcement agent. The plaintiff testified at a deposition that to perform his job, he had to walk in the street in an easterly direction to inspect vehicles in the westbound parking lane. The defendant Brandon G. Sumner (hereinafter the defendant driver) testified at a deposition that he was operating a vehicle owned by his father, the defendant John G. Sumner, in a westerly direction when he took his eyes off the road to look to his left, toward a lumber yard from which he heard yelling, and struck the plaintiff and a parked vehicle on his right side.
The plaintiff commenced this action against the defendants to recover damages for personal injuries. After issue was joined, the plaintiff moved for summary judgment on the issue of liability, contending that the defendant driver was solely at fault in the happening of the accident. The Supreme Court denied the motion, determining that the plaintiff failed to establish, prima facie, that he did not contribute to the happening of the accident. The plaintiff appeals.
On April 3, 2018, the Court of Appeals decided Rodriguez v City of New York (31 NY3d 312, 324-325), and held that "[t]o be entitled to partial summary judgment a plaintiff does not bear the double burden of establishing a prima facie case of defendant's liability and the absence of his or her own comparative fault" (emphasis added). Reviewing the record in the context of this recent decision, we conclude that the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by the submission of deposition testimony which demonstrated that as the defendant driver was operating the vehicle, he took his eyes off the road and struck the plaintiff and a parked vehicle. The testimony further demonstrated that the defendant driver did not see the plaintiff prior to impact. In opposition to this prima facie showing, the defendants failed to raise a triable issue of fact.
Accordingly, we reverse the Supreme Court's order, and grant the plaintiff's motion for summary judgment on the issue of liability.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court