Tejada v Cedeno (2019 NY Slip Op 04443)





Tejada v Cedeno


2019 NY Slip Op 04443


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-02603
 (Index No. 977/17)

[*1]Marta Tejada, appellant, 
v
Sara Cedeno, et al., respondents (and a third-party action).


Lipsig Shapey Manus & Moverman P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Joel A. Sweetbaum], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 11, 2017. The order denied her motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On June 3, 2015, the plaintiff was operating her vehicle eastbound on Union Turnpike in Queens, when a vehicle owned by the defendant Fermin Cedeno and operated by the defendant Sara Cedeno, which was traveling westbound on Union Turnpike, crossed over a concrete median into the oncoming eastbound lanes and subsequently struck the plaintiff's vehicle, after allegedly striking a partially open manhole cover. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, the ownership and operation of their vehicle. The defendants commenced a third-party action against the City of New York, among others. The plaintiff subsequently moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.
A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (see Rodriguez v City of New York, 31 NY3d 312). Here, the evidence submitted in support of the plaintiff's motion, which included, inter alia, a certified copy of the police accident report and a copy of the defendant driver's General Municipal Law § 50-h hearing transcript, contained a version of the subject accident which indicated that the defendant driver may not have been negligent in crossing over into the oncoming lane of travel and coming into contact with the plaintiff's vehicle. This evidence demonstrated the existence of triable issues of fact as to whether the defendant driver was faced with an emergency situation and whether she acted reasonably in relation thereto. Since the plaintiff failed to demonstrate her prima facie entitlement to judgment as a matter of law by eliminating triable issues of fact as to the defendants' liability, the burden never shifted to the defendants on her motion (see [*2]Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion for summary judgment on the issue of liability.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court