Vailes v Molloy Coll. (2019 NY Slip Op 06530)





Vailes v Molloy Coll.


2019 NY Slip Op 06530


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2018-11678
 (Index No. 600025/16)

[*1]Tashmere Vailes, respondent,
v
Molloy College, appellant.


Biedermann Hoenig Semprevivo, New York, NY (Philip C. Semprevivo, Jr., and Mary Catherine Mullen of counsel), for appellant.
The Bongiorno Law Firm, PLLC (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered August 8, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On the afternoon of February 24, 2015, the plaintiff was in a parking lot on the defendant's campus when she allegedly slipped and fell on ice. She subsequently commenced this action against the defendant to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, maintaining its premises. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendant appeals.
Contrary to the defendant's contention, the evidence submitted in support of the plaintiff's motion, which included, among other things, her deposition testimony, the deposition testimony of two of the defendant's employees, photographs of the accident scene, and affidavits from two nonparty witnesses, one of whom witnessed the plaintiff's fall, established, prima facie, that the ice condition existed for a sufficient period of time to allow the defendant to discover and rectify the problem, and that the defendant's negligence was a proximate cause of the subject accident and resulting injuries (see Sarisohn v Plaza Realty Servs., Inc., 109 AD3d 654, 655). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312).
The defendant's contentions regarding the manner and order in which the jury should determine the issues of comparative negligence and damages at the upcoming trial are not properly before us and should be addressed, in the first instance, to the trial court.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court