Gelo v Meehan (2019 NY Slip Op 08175)





Gelo v Meehan


2019 NY Slip Op 08175


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-08603
 (Index No. 605981/15)

[*1]Josephine Gelo, appellant,
v
John F. Meehan, et al., respondents.


Slater, Sgarlato & Cappello, P.C., Staten Island, NY (Thomas J. Cappello of counsel), for appellant.
Leonard G. Kapsalis, Town Attorney, Manhasset, NY (Lorienton N. A. Palmer of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered May 2, 2018. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
On June 21, 2014, the plaintiff's vehicle struck the rear of the vehicle traveling directly in front of it when that vehicle made a sudden stop in response to the traffic conditions ahead. A few seconds later, the plaintiff's vehicle was struck in the rear by a vehicle operated by the defendant John F. Meehan (hereinafter the defendant driver) and owned by the defendant Town of North Hempstead. The plaintiff commenced this personal injury action against the defendants. Subsequently, the plaintiff moved for summary judgment on the issue of liability. In an order entered May 2, 2018, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendants breached a duty owed to the plaintiff, and that the defendants' negligence was a proximate cause of the alleged injuries (see Rodriguez v City of New York, 31 NY3d 312; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). Thus, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Montalvo v Cedeno, 170 AD3d 1166, 1167).
Here, in support of her motion, the plaintiff submitted, inter alia, transcripts of the [*2]deposition testimony of the parties, which demonstrated that the defendants' vehicle struck the rear of the plaintiff's vehicle. Thus, the plaintiff established, prima facie, that the defendant driver's negligence was a proximate cause of the accident (see Rodriguez v City of New York, 31 NY3d 312; Arslan v Costello, 164 AD3d 1408, 1409). In opposition, the defendants failed to raise a triable issue of fact as to whether there was a nonnegligent explanation for striking the rear of the plaintiff's vehicle (see Rodriguez v City of New York, 31 NY3d 312; Arslan v Costello, 164 AD3d at 1409-1410).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court