Tatom v Andrews Intl., Inc. (2019 NY Slip Op 09052)





Tatom v Andrews Intl., Inc.


2019 NY Slip Op 09052


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-14551
 (Index No. 1815/12)

[*1]Susan Tatom, respondent,
v
Andrews International, Inc., appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for appellant.
Siegel & Coonerty, LLP (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 9, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On July 28, 2011, the plaintiff was walking through a security gate located at the entrance of Steiner Studios, in Brooklyn, when the arm of the gate allegedly came down and struck her head. The defendant is the security company that employed the guard whose responsibility it was to operate the gate at the time of the alleged incident. The plaintiff commenced this action seeking damages for personal injuries. After issue was joined, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendant appeals.
The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by her submissions which demonstrated that the negligence of the defendant's employee in operating the security gate was the proximate cause of her injuries (see Rodriguez v City of New York, 31 NY3d 312; Alvarez v Prospect Hosp., 68 NY2d 320). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court