Dunn v Covanta Niagara I, LLC (2020 NY Slip Op 02017)





Dunn v Covanta Niagara I, LLC


2020 NY Slip Op 02017


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1159 CA 18-02309

[*1]TROY A. DUNN, PLAINTIFF-RESPONDENT,
v
COVANTA NIAGARA I, LLC, ET AL., DEFENDANTS, AND KANDEY COMPANY, INC., DEFENDANT-APPELLANT. (APPEAL NO. 1.)






AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CONNORS LLP, BUFFALO (JOSEPH D. MORATH, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 2, 2018. The order, among other things, granted that part of plaintiff's motion seeking partial summary judgment against defendant Kandey Company, Inc. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recover for personal injuries sustained by plaintiff in an accident at a work site, Kandey Company, Inc. (defendant) appeals from an order that, inter alia, granted plaintiff's motion insofar as it sought partial summary judgment on liability against defendant. We affirm. Contrary to defendant's contention, Supreme Court properly granted plaintiff's motion to that extent inasmuch as plaintiff met his initial burden thereon and defendant failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Even if triable issues of fact exist as to comparative negligence, such issues do not preclude partial summary judgment on liability against defendant (see Rodriguez v City of New York, 31 NY3d 312, 317-325 [2018]). Defendant's contentions that plaintiff's motion was procedurally defective and premature are raised for the first time on appeal and are therefore not properly before us (see Chapman v Pyramid Co. of Buffalo, 63 AD3d 1623, 1624 [4th Dept 2009]; Avraham v Allied Realty Corp., 8 AD3d 1079, 1079 [4th Dept 2004]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court