Simmons v Bergh (2021 NY Slip Op 01563)





Simmons v Bergh


2021 NY Slip Op 01563


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 20007/16 Appeal No. 13386 Case No. 2020-01403 

[*1]Stacy Simmons, Plaintiff-Respondent,
v
Rebecca E. Bergh et al., Defendants-Appellants.


Cuomo LLC, Mineola (Matthew A. Cuomo of counsel), for appellants.
Block O'Toole & Murphy, LLP, New York (Christina R. Mercado of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered October 29, 2019, which granted plaintiff's motion for summary judgment on liability, unanimously affirmed, without costs.
The record demonstrates defendants' liability for the injuries plaintiff sustained when defendants' vehicle ran over her foot as she was crossing the street at an intersection. Plaintiff testified that the traffic light was in her favor and that before she crossed the street she looked in both directions and signaled to defendant driver to alert her to her presence. The driver admitted that she never saw plaintiff, perhaps due to sun glare. The accident occurred near the double yellow lines in the middle of the avenue, giving the driver ample opportunity to notice plaintiff crossing the street and avoid her before turning into the avenue (see generally Vehicle & Traffic Law § 1146[a]).
Although, as indicated, plaintiff testified that she waited for the light before stepping off the curb, surveillance video from a nearby deli shows her walking into the street, just outside the crosswalk, without stopping. Nevertheless, plaintiff was not required to demonstrate the absence of fault on her part in support of her motion (see Rodriguez v City of New York, 31 NY3d 312 [2018]). Nor was she required to establish that defendants' conduct was the sole proximate cause of the accident (see Benny v Concord Partners 46th St. LLC, 189 AD3d 572, 573 [1st Dept 2020]). Any discrepancies between plaintiff's testimony and the video (which did not show the collision itself), including any related to plaintiff's walking outside the crosswalk, may be considered by the jury in determining comparative fault (CPLR 1411). No admissible evidence was presented that plaintiff walked into defendants' vehicle while talking on the phone.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021