Corredor v Alnamer (2024 NY Slip Op 03164)

Corredor v Alnamer

2024 NY Slip Op 03164

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-02875
 (Index No. 718469/20)

[*1]Jaime A. Corredor, appellant, 
v
Huda H. Alnamer, et al., respondents.

Steven Louros, New York, NY, for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated March 31, 2022. The order, insofar as appealed from, in effect, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the affirmative defense alleging comparative negligence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle operated by the defendant Huda H. Alnamer and owned by the defendant ALD Transportation, Inc., collided with a vehicle driven by the plaintiff. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the affirmative defense alleging comparative negligence. In an order dated March 31, 2022, the Supreme Court, among other things, in effect, denied those branches of the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Garutti v Kim Co Refrig. Corp., 222 AD3d 728, 728-729 [internal quotation marks omitted]; see Flores v Rubenstein, 175 AD3d 1490, 1490-1491). To be entitled to summary judgment on the issue of liability, a plaintiff does not have the burden of establishing the absence of his or her own comparative negligence (see Rodriguez v City of New York, 31 NY3d 312, 324-325). However, the issue of a plaintiff's comparative negligence may be decided in the context of a plaintiff's motion for summary judgment on the issue of liability where, as here, the plaintiff also seeks dismissal of an affirmative defense alleging comparative negligence (see Ramirez v Wangdu, 195 AD3d 646, 646; Flores v Rubenstein, 175 AD3d at 1491).
Here, the plaintiff's submissions in support of his motion contained conflicting accounts of how the collision occurred and failed to eliminate all triable issues of fact as to whether the defendants were negligent and whether the plaintiff was free from comparative negligence (see [*2]Garutti v Kim Co Refrig. Corp., 222 AD3d at 729; Ramirez v Wangdu, 195 AD3d at 647). Since the plaintiff did not demonstrate his prima facie entitlement to judgment as a matter of law, the Supreme Court properly, in effect, denied those branches of his motion which were for summary judgment on the issue of liability and dismissing the affirmative defense alleging comparative negligence, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination.
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court