Oliveira v Top Shelf Elec. Corp. (2024 NY Slip Op 04523)

Oliveira v Top Shelf Elec. Corp.

2024 NY Slip Op 04523

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 153436/20 Appeal No. 2601 Case No. 2023-03316 

[*1]Nilton Oliveira, Plaintiff-Respondent,
v
Top Shelf Electric Corp. et al., Defendants-Appellants.

London Fischer LLP, New York (Anthony P. Malecki of counsel), for appellants.
Lisa M. Comeau, Garden City, for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about June 13, 2023, which granted plaintiff's motion for partial summary judgment on the Labor Law § 241 (6) claim, unanimously affirmed, without costs.
The court properly granted plaintiff partial summary judgment. Plaintiff met his burden of establishing liability based on the alleged violations of Industrial Code §§ 23-1.7(d) and 23-1.30, by submitting his testimony that he slipped on debris in a dark interior stairway without exterior windows, in which the temporary lights were off (see Capuano v Tishman Constr. Corp., 98 AD3d 848, 850 [1st Dept 2012]).
The testimony of defendants' witnesses as to lighting failed to raise issues of fact precluding summary judgment.
The court properly rejected defendants' attempts to defeat a motion for summary judgment by relying solely on hearsay (see e.g. Gonzalez v 1225 Ogden Deli Grocery Corp., 158 AD3d 582, 584 [1st Dept 2018]; Briggs v 2244 Morris, L.P., 30 AD3d 216 [1st Dept 2006]). Although defendants submitted a foreman's written statement attributing certain statements to plaintiff, that written statement itself was unsworn (see Gonzalez, 158 AD3d at 583). Defendants also fail to respond to plaintiff's assertion that this written statement should be precluded under CPLR 3126. The statement in an incident report that plaintiff was moving a washing machine at the time of the accident is likewise hearsay. The party admission exception to the hearsay rule is inapplicable because the report attributed that statement to a foreman rather than plaintiff. Defendants failed to establish that the business records exception applies to that statement, in the absence of any showing that the foreman had personal knowledge of the accident (see Matter of Leon RR, 48 NY2d 117, 122-123 [1979]).
Any comparative negligence does not preclude partial summary judgment in favor of plaintiff under Labor Law § 241 (6) (see Piedra v 111 W. 57th Prop. Owner LLC, 219 AD3d 1235, 1236 [1st Dept 2023]; see generally Rodriguez v City of New York, 31 NY3d 312, 318 [2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024