Fortson v Thompson (2025 NY Slip Op 03277)

Fortson v Thompson

2025 NY Slip Op 03277

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Index No. 31232/19|Appeal No. 4516|Case No. 2025-00518|

[*1]Beverly Ann Fortson, Plaintiff-Respondent,
v
Junior A. Thompson et al., Defendants-Appellants.

Methfessel & Werbel, New York (Fredric P. Gallin of counsel), for appellants.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York (Michelle Levine of counsel), for respondent.

Order, Supreme Court, Bronx County (Patsy Gouldborne, J.), entered January 14, 2025, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendants partial summary judgment on the issue of plaintiff's comparative fault, and otherwise affirmed, without costs.
Plaintiff was struck by a garbage truck owned by defendant Action Carting Environmental Services, Inc., and driven by defendant Junior A. Thompson, as she attempted to cross in front of the truck at an intersection shortly after the light changed to green in the driver's favor. Supreme Court properly found triable issues of fact as to whether defendants were negligent, based on Thompson's deposition testimony that he should have checked his mirrors before proceeding into the intersection and based on the conflicting expert reports about whether Thompson could have seen plaintiff prior to the accident and whether he operated the garbage truck in an attentive and reasonable manner.
However, as conceded by plaintiff, defendants should have been granted partial summary judgment on the issue of plaintiff's comparative fault. The uncontroverted facts were that plaintiff was walking on the roadway, crossing the street outside of a crosswalk, and failed to yield the right of way to defendants' truck (see Leathers v Approved Oil Co. of Brooklyn, Inc., 212 AD3d 482, 482 [1st Dept 2023]). The extent to which the parties were comparatively negligent will be determined at trial (see Rodriguez v City of New York, 31 NY3d 312, 323-324 [2018]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025