Erazo v Mains (2025 NY Slip Op 04459)

Erazo v Mains

2025 NY Slip Op 04459

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-09717
 (Index No. 500203/20)

[*1]Mario Antonio Miranda Erazo, appellant, 
v
Shayne Mains, et al., respondents.

Elefterakis Elefterakis & Panek (Oliver R. Tobias and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Jillian Rosen], of counsel), for appellant.
Coffey Modica LLP (Weber Gallagher Simpson Stapleton Fires & Newby LLP, Uniondale, NY [James F. Desmond], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated September 20, 2023. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability and dismissing certain of the defendants' affirmative defenses.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2019, while riding a bicycle westbound on Church Avenue in Brooklyn, the plaintiff came into contact with a trailer that was attached to the rear of a truck operated by the defendant Shayne Mains (hereinafter the defendant driver) and owned by the defendant driver's employer, the defendant National Forest Products, Ltd., as that vehicle was traveling eastbound on Church Avenue and making a left onto Coney Island Avenue. The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained in the accident. The plaintiff alleged that the defendants were negligent in, among other things, their ownership and operation of their vehicle.
Upon the completion of discovery, the plaintiff moved for summary judgment on the issue of liability and dismissing certain of the defendants' affirmative defenses. By order dated September 20, 2023, the Supreme Court, among other things, denied the motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). A plaintiff need not demonstrate the absence of his or her own comparative negligence to be entitled to partial summary judgment as to a defendant's liability (see Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034; Poon v Nisanov, 162 AD3d 804).
Here, in support of his motion, the plaintiff submitted, inter alia, a transcript of his [*2]deposition testimony as well as transcripts of the deposition testimony of the defendant driver and a nonparty witness to the accident. That deposition testimony presented conflicting accounts of the happening of the accident, raising issues of credibility, and revealed factual disputes as to how and why the accident occurred. Thus, the plaintiff's submissions failed to eliminate all triable issues of fact as to whether the defendant driver was negligent in the happening of the accident and, if so, whether any such negligence caused or contributed to the accident (see Kutsankou v Brink's Inc., 222 AD3d 855, 856; Poon v Nisanov, 162 AD3d at 807-808). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The remaining contention of the plaintiff is without merit.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court