Terron-Alcantara v Charlie's Real Estate LLC

2026 NY Slip Op 03091

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Edilberto Terron-Alcantara, Plaintiff-Appellant,

v

Charlie's Real Estate LLC, Defendant-Respondent, ABC Tenant 1 to 10 et al., Defendants.

Decided and Entered: May 14, 2026

Index No. 813407/22|Appeal No. 6634|Case No. 2025-08346|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Alexander T. Shapiro & Associates, P.C., New York (Stewart B. Greenspan of counsel), for appellant.

Milber Makris Plousadis & Seiden, LLP, Woodbury (Daniel Wright of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered December 19, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff Edilberto Terron-Alcantara's motion for partial summary judgment as to liability on his Labor Law § 241(6) claim premised on a violation of Industrial Code (12 NYCRR) § 23-1.5(c)(3) as against defendant Charlie's Real Estate LLC (Charlie's), unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff established prima facie entitlement to summary judgment as to liability on his Labor Law § 241(6) claim insofar as that claim was predicated on a violation of Industrial Code § 23-1.5(c)(3), which mandates that equipment in use shall be kept sound and operable and that damaged equipment shall be immediately repaired, restored, or removed from the job site. Plaintiff's uncontradicted testimony established that the angle grinder that cut plaintiff was on the work site, that it was missing a guard, and that plaintiff was injured when the grinder kicked back and its blade cut his arm (see Rodriguez v FGI Corp., 242 AD3d 431, 432 [1st Dept 2025]; Desprez v United Prime Broadway, LLC, 225 AD3d 518, 518 [1st Dept 2024]). Plaintiff also submitted an expert affidavit in which the expert opined that the "good and accepted practice" was to use an angle grinder with a guard. Moreover, there is no evidence in the record that the unsafe grinder had been repaired, restored, or removed from the work site.

In opposition, Charlie's failed to raise a triable issue of fact. Plaintiff's testimony that the grinder was on the work site and available for him to use was not contradicted by evidence that his supervisor "instructed [plaintiff] to use only the sledgehammer" and did not supply plaintiff with the grinder. Moreover, even if plaintiff was negligent by using the grinder instead of the sledgehammer, this at most constitutes comparative negligence, which is insufficient to defeat plaintiff's motion (see Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]; see Kalaf v PSEG Long Is. LLC, 232 AD3d 469, 470-471 [1st Dept 2024]).

[*2]

To the extent that Charlie's argues that plaintiff was recalcitrant in ignoring the alleged instructions to use a sledgehammer and to not use an angle grinder, this is insufficient to raise a triable issue of fact. First, this defense typically applies to Labor Law § 240(1) claims (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]). Second, even if the defense were to apply to a Labor Law § 241(6) claim where an applicable Industrial Code provision required the defendant to provide an adequate safety device, it has no application where, as here, no adequate safety devices were provided because a sledgehammer is not a safety device. Moreover, "an instruction by an employer or owner to avoid using unsafe equipment or engaging in unsafe practices is not a 'safety device' in the sense that plaintiff's failure to comply with the instruction is equivalent to refusing to use available, safe and appropriate equipment" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 563 [1993]; see also Plaku v 1622 Van Buren LLC, 198 AD3d 431, 432 [1st Dept 2021]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026