Hall v Powell (2020 NY Slip Op 02617)





Hall v Powell


2020 NY Slip Op 02617


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2019-04417
 (Index No. 1090/18)

[*1]Nia Hall, appellant, 
v
Karen Powell, respondent.


Brad A. Kauffman, PLLC, New York, NY, for appellant.
Ferro & Stenz (Gentile & Tambasco, Hicksville, NY [Jill Dabrowski], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Maureen A. Healy, J.), entered January 30, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained on March 11, 2017, when the defendant's vehicle struck her vehicle in the rear. Thereafter, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.
A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (see Rodriguez v City of New York, 31 NY3d 312; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Rosenblum v Schloss, 175 AD3d 1339, 1341; Kelly v Shin, 171 AD3d 905).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting her affidavit wherein she averred that her vehicle was stopped behind other vehicles at a red light for approximately 10 to 20 seconds when it was struck in the rear by the defendant's vehicle (see Rosenblum v Schloss, 175 AD3d at 1341; Pilgrim v Vishwanathan, 151 AD3d 769, 771; Salako v Nassau Inter-County Express, 131 AD3d 687, 687-688). In opposition, the defendant failed to raise a triable issue of fact as to whether there was a nonnegligent explanation for the rear-end collision (see Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court