Rodriguez v Beal (2021 NY Slip Op 01220)





Rodriguez v Beal


2021 NY Slip Op 01220


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 151729/19 Appeal No. 13211 Case No. 2020-03751 

[*1]Felix Rodriguez, Plaintiff-Respondent,
v
John P. Beal, Defendant-Appellant.


Pillinger Miller Tarallo LLP, Elmsford (Donna L. Cook of counsel), for appellant.
Alexander J. Wulwick, New York, for respondent.



Order, Supreme Court, New York (Adam Silvera, J.), entered May 8, 2020, which granted plaintiff's motion for summary judgment as to liability, unanimously affirmed, without costs.
It is undisputed that plaintiff was loading garbage into the rear of a garbage truck stopped on the side of the road when the front corner of defendant driver's vehicle struck the rear corner of the truck and plaintiff. It is well settled that a rear-end collision with a stopped vehicle creates a presumption that the operator of the moving vehicle was negligent, so that an injured plaintiff "is entitled to summary judgment on liability unless the driver of the second vehicle provides a non-negligent explanation for the collision" (Agramonte v City of New York, 288 AD2d 75, 76 [1st Dept 2001]). Defendant's explanation, that he was suddenly blinded by the glare of the sun rising in the east as he was driving in that direction, was insufficient to raise a non-negligent explanation for the rear-end collision under the circumstances (id. at 76; see also Johnson v Phillips, 261 AD2d 269, 269-272 [1st Dept 1999]). Although sun glare may contribute to an emergency situation, the ordinary circumstances of the sun rising while a driver is heading east do not "constitute[] a qualifying emergency" (Lifson v City of Syracuse, 17 NY3d 492, 498 [2011]) The fact that the garbage truck was partly protruding into the driving lane "merely furnished [] the occasion for [an accident]" when defendant driver was "temporarily blinded" by sun glare (Barry v Pepsi-Cola Bottling Co. of N.Y., Inc., 130 AD3d 500 [1st Dept 2015], lv denied 26 NY3d 910 [2015]).
The grant of summary judgment was not premature since defendant did not demonstrate the need for any discovery concerning how the accident occurred (see Fernandez v Ortiz, 183 AD3d 443, 444 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021