Callahan v Glennon (2021 NY Slip Op 02509)





Callahan v Glennon


2021 NY Slip Op 02509


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-06868
 (Index No. 607736/18)

[*1]Patricia Callahan, appellant,
v
Mary Glennon, et al., respondents.


Gruenberg Kelly Della, Ronkonkoma, NY (Z. Beriloff of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated June 4, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
On January 10, 2018, the plaintiff allegedly sustained personal injuries when a vehicle she was driving was struck by a vehicle operated by the defendant Mary Glennon and owned by the defendant Margaret Indilla. The collision took place at the intersection of Washington Avenue and Route 27A/Montauk Highway, which was controlled by a traffic light. The plaintiff had been traveling southbound on Washington Avenue and Glennon had been traveling eastbound on Route 27A/Montauk Highway.
The plaintiff commenced this action to recover damages for personal injuries. After issue was joined, the plaintiff moved for summary judgment on the issue of liability. In an order dated June 4, 2019, the Supreme Court, inter alia, denied the motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325).
"[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Barbieri v Vokoun, 72 AD3d 853, 856; see Vainer v DiSalvo, 79 AD3d 1023, 1024). Pursuant to Vehicle and Traffic Law § 1111(d)(1), a driver when "facing a steady circular red signal, . . . shall stop at a clearly marked stop line, but if none, then shall stop before entering the crosswalk on the near side of the intersection, or in the event there is no crosswalk, at the point nearest the intersecting roadway where the driver has a view of the approaching traffic on the intersecting roadway before entering the intersection."
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, among other things, her own affidavit, the transcript of the deposition testimony of nonparty Gary Steedman, who witnessed the accident, and a certified copy of the police accident report (see Rodriguez v City of New York, 31 NY3d at 312). In her affidavit, the plaintiff stated that her vehicle entered the subject intersection with the traffic light controlling the intersection in her favor, and that the rear passenger-side portion of her vehicle was then struck by Glennon's vehicle. The plaintiff averred that Glennon's vehicle had entered the intersection against a red light. Steedman testified that the accident occurred as he was stopped at a green light at the subject intersection, in his work truck, waiting to make a left turn onto westbound Route 27A/Montauk Highway. He recalled that, after the traffic light turned green for vehicles traveling in the plaintiff's direction, three vehicles traveled southbound on Washington Avenue. The first two vehicles passed through the intersection without incident, but then the plaintiff, who was driving the third vehicle, was struck by Glennon's vehicle. Steedman also testified that he observed Glennon looking down into her lap at the time of the accident. Thus, the evidence submitted by the plaintiff demonstrated, prima facie, that Glennon entered the subject intersection against a red light, in violation of Vehicle and Traffic Law § 1111(d)(1) (see Robinson v City of New York, 178 AD3d 869, 870).
In opposition, the defendants failed to raise a triable issue of fact as to whether there was a nonnegligent explanation for the happening of the accident (see Robinson v City of New York, 178 AD3d at 870). Further, on these facts, whether the plaintiff or another individual was driving the plaintiff's vehicle is not germane to the issue of the defendants' liability.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court