E.B. v Gonzalez (2022 NY Slip Op 04942)

E.B. v Gonzalez

2022 NY Slip Op 04942

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-08717
 (Index No. 521145/19)

[*1]E.B., etc., et al., appellants, 
v
Fortino Gonzalez, et al., respondents.

William Pager, Brooklyn, NY, for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated November 4, 2020. The order denied the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.
On September 20, 2019, at approximately 6:10 p.m., the infant plaintiff allegedly was injured while crossing the street at the intersection of Stillwell Avenue and Avenue P in Brooklyn. The infant plaintiff was struck by a vehicle making a right turn from the westbound lane of Avenue P onto Stillwell Avenue. The vehicle was operated by the defendant Yolanda Gonzalez (hereinafter the defendant driver) and owned by the defendant Fortino Gonzalez. According to a police accident report, the defendant driver stated that while making the turn, she "could not see" due to sun glare, which "caus[ed] her to collide into [the infant plaintiff]."
In September 2019, the infant plaintiff, by his mother, and his mother individually, commenced this action to recover damages for personal injuries against the defendant driver and Fortino Gonzalez. Thereafter, the plaintiffs moved for summary judgment on the issue of liability. In an order dated November 4, 2020, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Ortiz v Zurita, 195 AD3d 734, 735 [internal quotation marks omitted]). To be entitled to summary judgment on the issue of liability, "'a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault'" (Balladares v City of New York, 177 AD3d 942, 943, quoting Rodriguez v City of New York, 31 NY3d 312, 324-325; see Odetalla v Rodriguez, 165 AD3d 826, 827).
Further, "[a] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Callahan v Glennon, 193 AD3d 1029, 1030 [internal quotation marks omitted]). "A driver who faces a green light has a duty to yield the right-of-way to pedestrians who are lawfully within a crosswalk in accordance with the standard of care imposed by Vehicle and Traffic Law § 1111(a)(1)" (Lieb v Jacobson, 202 AD3d 1072, 1073). "A driver also has 'a statutory [*2]duty to use due care to avoid colliding with pedestrians on the roadway [pursuant to Vehicle and Traffic Law § 1146], as well as a common-law duty to see that which he [or she] should have seen through the proper use of his [or her] senses" (Lieb v Jacobson, 202 AD3d at 1073, quoting Barbieri v Vokoun, 72 AD3d 853, 856).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting the police accident report, and an affidavit from a witness who averred that the defendants' vehicle struck the infant plaintiff with its front bumper while the infant plaintiff was crossing Stillwell Avenue in a marked crosswalk with an active "white pedestrian signal" (see Gooden v EAN Holdings, LLC, 189 AD3d 1552; Wray v Galella, 172 AD3d 1446, 1448; Lazarre v Gragston, 164 AD3d 574, 575). In opposition to the plaintiffs' prima facie showing, the defendants failed to raise a triable issue of fact as to whether the defendant driver had a non-negligent explanation for the accident (see Callahan v Glennon, 193 AD3d at 1031). By the defendant driver's own admissions in the police accident report and her affidavit, she did not see the infant plaintiff prior to the accident, which she only realized had occurred upon "hear[ing] the impact," and she continued to drive into the crosswalk after being "blinded" by sun glare, which "caus[ed] her to collide into [the infant plaintiff]." Further, as the plaintiffs contend, the foreseeable occurrence of sun glare while the defendant driver was driving west at sundown did not constitute a "qualifying emergency" under the emergency doctrine (Lifson v City of Syracuse, 17 NY3d 492, 498; see Rodriguez v Beal, 191 AD3d 617, 618).
In light of our determination, we need not reach the plaintiffs' remaining contentions.
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court