Kruter v United Parcel Serv. Gen. Servs. Co. (2022 NY Slip Op 06122)

Kruter v United Parcel Serv. Gen. Servs. Co.

2022 NY Slip Op 06122

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-03676
 (Index No. 518064/19)

[*1]Gennady Kruter, respondent, 
v
United Parcel Service General Services Co., et al., appellants.

Kritzer Law Group, Smithtown, NY (David S. Kritzer of counsel), for appellants.
Law Office of Yuriy Prakhin, P.C. (Simon Q. Ramone, White Plains, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated March 22, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 4, 2019, the plaintiff allegedly was injured when the bicycle he was riding was struck by a delivery truck operated by the defendant Dave Charles (hereinafter the driver) and owned by the defendant United Parcel Service, Inc., incorrectly sued herein as United Parcel Service General Services Co. A surveillance video revealed that the plaintiff was riding his bicycle on a sidewalk along Avenue Z in Brooklyn in the same direction that the driver was traveling. While the plaintiff was crossing Ocean Avenue in the crosswalk, the driver turned right from Avenue Z onto Ocean Avenue, striking the plaintiff in the crosswalk.
The plaintiff commenced this personal injury action against the defendants and moved, inter alia, for summary judgment on the issue of liability. In an order dated March 22, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants appeal.
"In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road" (Palma v Sherman, 55 AD3d 891, 891). A driver has a "common-law duty to see that which he [or she] should have seen through the proper use of his [or her] senses" (Lieb v Jacobson, 202 AD3d 1072, 1073). "There can be more than one proximate cause of a collision" (Lindner v Guzman, 163 AD3d 947, 948).
The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law by submitting evidence which established that the driver was negligent in failing to see what there was to be seen and in making a turn before it was reasonably safe to do so (see Vehicle and Traffic [*2]Law §§ 1142, 1146[a]; Balladares v City of New York, 177 AD3d 942, 944; Harth v Reyes, 151 AD3d 1031, 1032). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contentions, there was no evidence that the driver's view of the intersection was obstructed, and the plaintiff's allegedly unlawful activity prior to the collision does not negate his prima facie showing of entitlement to judgment as a matter of law on the issue of the defendants' liability (see Rodriguez v City of New York, 31 NY3d 312, 323; Ortega v Ting, 172 AD3d 1217, 1218).
The plaintiff's request for certain affirmative relief is not properly before this Court, since the plaintiff did not cross-appeal from the order appealed from (see Dhar v City of New York, 204 AD3d 976, 977; Estick v Myrtil, 197 AD3d 693, 694).
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court