Beityaaghoob v Klein (2023 NY Slip Op 02488)

Beityaaghoob v Klein

2023 NY Slip Op 02488

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-01012
 (Index No. 515405/17)

[*1]Shlomo Beityaaghoob, appellant, et al., plaintiff,
v
Ardn Klein, et al., respondents

Kelner & Kelner, New York, NY (Gail S. Kelner and Ronald Burke of counsel), for appellant.
Weber, Gallagher, Simpson, Stapleton, Fires & Newby LLP, New York, NY (Robert A. Suarez of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff Shlomo Beityaaghoob appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated January 4, 2021. The order, insofar as appealed from, denied that plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff Shlomo Beityaaghoob's cross-motion for summary judgment on the issue of liability is granted.
The plaintiff Shlomo Beityaaghoob (hereinafter the plaintiff) allegedly was injured when he was struck by a vehicle operated by the defendant Ardn Klein (hereinafter the defendant driver) and owned by the defendant Real Kosher Ice Cream, Inc. Thereafter, this action was commenced against the defendants to recover damages for personal injuries. After issue was joined, the plaintiff cross-moved for summary judgment on the issue of liability. In an order dated January 4, 2021, the Supreme Court, denied the cross-motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence" (Maliakel v Morio, 185 AD3d 1018, 1019; see Rodriguez v City of New York, 31 NY3d 312, 324-325).
"[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Callahan v Glennon, 193 AD3d 1029, 1030 [internal quotation marks omitted]). A driver "has a statutory duty to use due care to avoid colliding with pedestrians on the roadway [pursuant to Vehicle and Traffic Law § 1146], as well as a common-law duty to see that which he [or she] should have seen through the proper use of his [or her] senses" (E.B. v Gonzalez, 208 AD3d 618, 619 [internal quotation marks omitted]; see Lieb v Jacobson, 202 AD3d 1072, 1073).
The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of evidence that established the defendant driver was negligent in failing to see what there was to be seen and in failing to exercise due care in avoiding the collision with the plaintiff (see Vehicle and Traffic Law § 1146 [a]; Kruter v United Parcel Serv. Gen. Servs. Co., 210 AD3d 671, 672; Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790). By the defendant driver's own admissions at his deposition, he never saw the plaintiff before the defendants' vehicle struck the plaintiff; in fact, upon impact, the defendant driver thought "maybe a tire or something . . . hit [the defendants'] car," and when he first saw the plaintiff, the plaintiff was lying on the pavement. Moreover, the record demonstrates that the road was flat, the weather was clear, and visibility was good. Further, the defendants' vehicle was traveling in the middle lane of three southbound lanes, when it made contact with the plaintiff who was crossing from the right side of the road, "giving the defendant driver ample time to notice plaintiff crossing the street" (Simmons v Bergh, 192 AD3d 547, 548; see Kruter v United Parcel Serv. Gen. Servs. Co., 210 AD3d at 672).
In opposition, the defendants failed to raise a triable issue of fact (see Kruter v United Parcel Serv. Gen. Servs. Co., 210 AD3d at 672). Contrary to the defendants' contention, there is no evidence that the plaintiff unexpectedly darted out into the road (cf Brown v City of New York, 237 AD2d 398, 398-399; Johnson v Lovett, 285 AD2d 627). Moreover, the defendants' contentions regarding the plaintiff's alleged comparative negligence will not defeat the plaintiff's cross-motion for summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d at 323).
Accordingly, the Supreme Court should have granted the plaintiff's cross-motion for summary judgment on the issue of liability.
In light of our determination, we need not reach the plaintiff's remaining contention.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court