| |
|---|
| **O'Donnell v Sahajahan** |
| 2024 NY Slip Op 33652(U) |
| October 11, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 505302/2023 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 11th day of October 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

EILEEN O'DONNELL

**DECISION & ORDER**

Plaintiff,

Index No.: 505302/2023

- against -

Oral Argument: 9/12/2024

MD SAHAJAHAN and FASTSERVICE CORP.,

Cal. No.: 40

Defendants.

Ms. No.: 1

-----------------------------------------------------------------------X

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion/ petition filed on June 13, 2024, under motion sequence number one, by plaintiff Eileen Donnell for an order pursuant to CPLR 3212 granting summary judgment against MD Sahajahan and Fastservice Corp. (hereinafter collectively defendants) on the issue of liability and striking defendants' affirmative defense of culpable conduct and failing to mitigate damages set forth in defendants' answer. The motion is opposed.

-Notice of motion
-Affirmation in support
      Exhibits A-E
-Statement of material facts
-Affirmation in opposition
      Exhibits A-B
 -Counter statement of material facts
-Affirmation in reply
      Exhibit A1

**BACKGROUND**

The plaintiff commenced this action by filing a Summons and Complaint on February 17, 2023. Issue was joined when the defendants filed an Answer on April 19,

[* 1]

2023. The plaintiff appeared for an examination before trial on January 22, 2024, and defendant MD Sahajahan appeared for an examination before trial on April 12, 2024.

The following salient facts were alleged in the plaintiff's complaint and testified to by the plaintiff and defendant. On January 29, 2023, the plaintiff was a pedestrian pushing a shopping cart down the sidewalk of Third Avenue in the County of Kings, State of New York. The plaintiff came to the intersection of Third Ave and Baltic Street, saw she had a pedestrian walk signal in her favor, and testified she entered the intersection to cross over Baltic Street within the lined crosswalk and made it 2-3 steps before her shopping cart was struck by defendants' vehicle. As a result of the impact, the plaintiff was thrown to the ground and sustained multiple injuries.

Defendant MD Sahajahan testified that he was operating the defendants' vehicle, which was owned by defendant Fastservice Corp., and was driving on Third Avenue. When he got to the intersection of Third Avenue and Baltic Street, he had a green traffic light in his favor and made a left turn onto Baltic Street, and struck the shopping cart being pushed by the plaintiff, causing her to fall to the ground. Defendant MD Sahajahan testified that the plaintiff was not in the crosswalk at the time of contact but also testified that he did not see the plaintiff at any point prior to the contact being made.

**LAW AND APPLICATION**

It is well established that summary judgment may be granted only when it is clear that no triable issue of fact exists (*Alvarez v. Prospect Hospital*, 68 N.Y.2d 320, 501 N.E.2d 572 [1986]). A plaintiff moving for summary judgment on the issue of liability in a negligence action must make a prima facie showing that the defendant breached a duty

[* 2]

owed to the plaintiff and that the defendant's negligent actions were a proximate cause of the alleged injuries (*Hall v. Powell*, 183 A.D.3d 576 [2nd Dep't, 2020]).  A violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se (*Callahan v. Glennon*, 193 A.D.3d 1029 [2nd Dep't, 2021]).

New York State V.T.L. § 1111(a)(1) states that when an operator of a motor vehicle has a green light in his or her favor at an intersection, he or she may turn left but must yield the right of way to any pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited.  New York State V.T.L. § 1112(a) states that whenever pedestrians are controlled by a pedestrian control signal exhibiting a steady WALK or walking person, pedestrians facing such signal may proceed across the roadway in the direction of the signal and shall be given the right of way by other traffic.  A motor vehicle operator also has a common law duty to see what is there to be seen, which includes pedestrians on the roadway (*Barbieri v. Vokoun*, 72 A.D.3d 853 [2nd Dep't, 2010]).

Here, the plaintiff established prima facie entitlement to judgment as a matter of law on the issue of liability.  The transcripts submitted by the plaintiff established that she entered the crosswalk with the pedestrian walk sign in her favor and was crossing the street within the crosswalk when the defendant struck her shopping cart with the defendants' vehicle while he was making a left turn onto Baltic Street in violation of New York State V.T.L. §§ 1111(a)(1); 1112(a), and his common law duty to see what was there to be seen (*Barbieri,* 75 A.D.3d 853.

The defendants failed to raise a triable issue of fact because the defendant testified that he did not see the plaintiff prior to the accident (*E.B. v. Gonzalez*, 208 A.D.3d 618 at

[* 3]

619 [2nd Dep't, 2022]).

**CONCLUSION**

The motion by plaintiff Eileen O'Donnell for an order pursuant to CPLR 3212 granting summary judgment in plaintiff's favor on the issue of liability as against defendants is granted. Furthermore, defendants' second affirmative defense as to comparative negligence and fifth affirmative defense of failing to mitigate damages are stricken.

The foregoing constitutes the decision and order of this Court.

ENTER: _____

François A. Rivera

J.S.C.