| Dcruze v City of New York |
|:---:|
| 2024 NY Slip Op 34314(U) |
| December 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151455/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>**HON. HASA A. KINGO**</u>                    PART                              05M

*Justice*

-------------------------------------------------------------------------------X

BOBY S. DCRUZE,

                               Plaintiff,

                        - v -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF SANITATION, TYRONE S. WALKER, ROBERT A.
VILLALOBOS, CONSTANTI M. HINOVA, MARLENE FAHY-
HINOVA

                              Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151455/2024 |
| MOTION DATE | N/A, 11/19/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 36, 37, 41, 42, 43, 44, 45, 46, 47

were read on this motion for                 SUMMARY JUDGMENT       .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 31, 32, 33, 34, 35

were read on this motion for                 SUMMARY JUDGMENT       .

With the instant motions, Defendants Constantin M. Hinova, Marlene Fahy-Hinova (collectively "Defendants Hinova"), and Robert Villalobos ("Defendant Villalobos") seek dismissal of the claims against them, arguing that they are not liable as a matter of law because they were lawfully stopped at the time of a motor vehicle collision and that the City of New York's sanitation truck was the proximate cause of the accident. Notably, Plaintiff Boby S. Dcruze ("Plaintiff") has not opposed either motion.

## BACKGROUND

This action arises from a multi-vehicle collision on April 6, 2023, on 11th Avenue near the intersection with West 51st Street in Manhattan. Plaintiff seeks damages for personal injuries allegedly sustained in the accident. Named defendants include the City of New York, New York City Department of Sanitation, Tyrone S. Walker, Robert Villalobos, Constantin M. Hinova, and Marlene Fahy-Hinova. Defendants Hinova, as well as Defendant Villalobos, have moved separately for summary judgment pursuant to CPLR § 3212, seeking dismissal of the claims and crossclaims asserted against them.

The sequence of events is largely undisputed. Indeed, it is uncontroverted that a New York City Sanitation truck, operated by Defendant Walker, rear-ended Defendant Villalobos' vehicle, which was stationary, pushing it into the vehicle operated by Defendants Hinova. Plaintiff's

151455/2024   DCRUZE, BOBY S. vs. CITY OF NEW YORK ET AL
Motion No.  002 003

Page 1 of 4

[* 1]

vehicle was also impacted in the chain-reaction collision. Both Defendants Hinova and Defendant Villalobos contend that their vehicles were stopped and lawfully positioned at the time of the accident, asserting no fault on their part.

## ARGUMENTS

Defendants Hinova and Defendant Villalobos argue that the accident was caused solely by the negligence of the City of New York and its employee, Tyrone Walker, who operated the sanitation truck. Both Defendants have submitted affirmations detailing their accounts of the accident and documentary evidence, including accident reports, establishing that their vehicles were stopped at the time of impact. They rely on established case law holding that rear-end collisions create a presumption of negligence on the part of the rearmost driver, which is not rebutted here.

The City opposes the motions, contending that summary judgment is premature under CPLR § 3212(f) because discovery remains incomplete, and there are unresolved factual issues. The City speculates that a "fifth vehicle" may have contributed to the accident by stopping abruptly, thereby causing the Hinova vehicle to brake suddenly. It also argues that additional evidence, including depositions and further investigation, may reveal facts sufficient to defeat the motions. Notably, Plaintiff has not submitted opposition to either motion.

## DISCUSSION

Under CPLR § 3212, a party moving for summary judgment must demonstrate prima facie entitlement to judgment as a matter of law by eliminating all material issues of fact. Once the moving party has met its burden, the opposing party must come forward with admissible evidence raising a genuine issue of material fact to warrant denial of the motion (*Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]). Summary judgment is appropriate where no triable issues of fact exist, and the moving party is entitled to judgment as a matter of law (*Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Here, both Defendants Hinova and Defendant Villalobos have satisfied this burden. The affirmations submitted by Constantin M. Hinova and Robert Villalobos, along with supporting documentation, establish that their vehicles were lawfully stopped at the time of the collision.

Under well-settled New York law, a driver of a stationary vehicle struck in a rear-end collision is entitled to a presumption of non-negligence, and the rearmost driver is presumed negligent unless they offer a non-negligent explanation (*De La Cruz v. Ock Wee Leong*, 16 AD3d 199, 199 [1st Dept 2005]; *Ferguson v. Honda Lease Trust*, 34 AD3d 356, 357 [1st Dept 2006]). Defendants Hinova and Defendant Villalobos have provided sworn accounts of the accident, corroborated by accident reports, confirming that they were stopped when the sanitation truck failed to maintain a safe distance and caused the chain-reaction collision. Specifically, the affirmation of Defendant Constantin M. Hinova states that his vehicle was stopped for a red light for approximately 10 seconds before the collision. Defendant Villalobos similarly demonstrates that his vehicle was lawfully stopped behind the Hinova vehicle when it was rear-ended by the sanitation truck. The chain-reaction nature of the accident does not impose liability on either

**151455/2024   DCRUZE, BOBY S. vs. CITY OF NEW YORK ET AL**                    **Page 2 of 4**
  **Motion No.  002 003**

2 of 4

Defendants Hinova or Defendant Villalobos, as the rearmost vehicle in such collisions is presumptively liable unless a non-negligent explanation is offered (*Hall v. Powell*, 183 AD3d 576, 577 [2d Dept 2020]). Case law, including *Johnson v. Phillips*, 261 AD2d 269 (1st Dept 1999), and *Andre v. Pomeroy*, 35 NY2d 361 (1974), strongly supports granting summary judgment in such circumstances.

Notably, Plaintiff has not opposed either motion. The absence of opposition permits the court to rely on the movants' uncontroverted submissions in determining whether they have met their burden of demonstrating entitlement to summary judgment (*Nash v. Port Auth. of N.Y. & N.J.*, 51 AD3d 337, 339 [1st Dept 2008]).

The City opposes the motions, raising speculative arguments that discovery may reveal the involvement of a fifth vehicle or other exculpatory evidence. These arguments fail for several reasons. First, the City's reliance on speculation regarding the involvement of a fifth vehicle is unsupported by admissible evidence and insufficient to rebut the movants' prima facie case. Courts have consistently held that speculation and conjecture are inadequate to defeat a motion for summary judgment (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lopez v. Dobbins*, 164 AD3d 776, 777 [2d Dept 2018]). More to that point, even if a fifth vehicle stopped abruptly, it would not absolve the sanitation truck of its statutory duty under Vehicle and Traffic Law § 1129(a) to maintain a safe following distance.

Second, the City's assertion that discovery is incomplete does not warrant denial of the motions under CPLR § 3212(f). Where, as here, the moving parties have provided sufficient evidence to establish their lack of liability, the mere possibility that further discovery might reveal additional facts is not enough to deny summary judgment (*Barreto v. Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *Santana v. Danco Inc.*, 115 AD3d 560 [1st Dept 2014]; *Soto-Maroquin v. Mellet*, 63 AD3d 449 [1st Dept 2009]). Indeed, a party who contends that the motion is premature is required to demonstrate that discovery may lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant. (*Cajas-Romero v Ward*, 106 AD3d 850 [2d Dept 2013]). The City has failed to make such a showing here. Rather, Defendants Hinova and Defendant Villalobos have demonstrated, through their affirmations and documentary evidence, that they were not the proximate cause of the collision, and no evidence has been presented to dispute this showing. Furthermore, the opposition is based upon the affirmation of an attorney which is also insufficient to oppose the motion. A mere attorney affirmation that is not based upon personal knowledge is of no probative or evidentiary significance and is thus incapable of raising an issue of fact (*Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455 [2d Dept 2006]). Accordingly, the City's opposition does not raise a genuine issue of fact.

Additionally, Plaintiff's failure to oppose the motions weighs in favor of granting them. Unopposed motions for summary judgment may be granted where the movant's submissions establish entitlement to relief (*Nash v. Port Auth. of N.Y. & N.J.*, 51 AD3d 337, 339 [1st Dept 2008]). Here, Plaintiff's lack of opposition underscores the absence of triable issues of fact regarding Defendants Hinova and Defendant Villalobos's lack of negligence.

**151455/2024   DCRUZE, BOBY S. vs. CITY OF NEW YORK ET AL**
**Motion No.  002 003**

**Page 3 of 4**

In sum, Defendants Hinova and Defendant Villalobos have demonstrated prima facie entitlement to summary judgment. The City's speculative arguments fail to rebut their showing, and Plaintiff's non-opposition further supports the conclusion that no material issues of fact exist.

Based on the foregoing, Defendants Constantin M. Hinova, Marlene Fahy-Hinova, and Robert Villalobos are entitled to summary judgment as a matter of law. Accordingly, their motions are granted, and all claims and crossclaims against them are dismissed with prejudice. As such, it is hereby

ORDERED that the motions for summary judgment by Defendants Constantin M. Hinova, Marlene Fahy-Hinova, and Robert Villalobos are granted in their entirety; and it is further

ORDERED that all claims and crossclaims against these Defendants are dismissed with prejudice; and it is further

ORDERED that the said claims and cross-claims against these Defendants are severed and the balance of the action shall continue; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of these Defendants dismissing the claims and cross-claims made against them in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that Plaintiff and the City of New York are directed to appear for an in-person settlement conference before the court on Tuesday December 10, 2024, at 9:30 AM at the courtroom located at 80 Centre Street, New York, NY, Room 320.[1]

This constitutes the decision and order of the court.

| | |
|---|---|
| **12/6/2024** | **HASA A. KINGO, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[1] The parties were originally scheduled to appear in-person at this time for oral argument, however, the court's decision and order renders the purpose for that appearance moot, and the court has scheduled an in-person settlement conference at the same time between Plaintiff and the City of New York in place of the original appearance for oral argument.

**151455/2024   DCRUZE, BOBY S. vs. CITY OF NEW YORK ET AL**                         **Page 4 of 4**
  **Motion No.  002 003**

4 of 4

[* 4]