Valerio v City of New York (2025 NY Slip Op 02956)

Valerio v City of New York

2025 NY Slip Op 02956

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-00299
 (Index No. 511700/19)

[*1]Wanda Valerio, respondent, 
v
City of New York, et al., appellants, et al., defendant.

Black Marjieh & Sanford LLP, Elmsford, NY (Sheryl A. Sanford of counsel), for appellants City of New York and Help, USA.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Scott I. Gurtman and Ellen Manning Atwell of counsel), for appellants BRP L2, LLC, and BRP Construction Group, LLC.
Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson of counsel), for appellant Apex Skyline Construction, LLC.
Blank & Star, PLLC, New York, NY (Helene E. Blank and Scott Star of counsel), for respondent.
James G. Bilello, Melville, NY (Andrew Weber of counsel), for defendant Leon Brent, Jr.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Apex Skyline Construction, LLC, appeals, the defendants City of New York and Help, USA, separately appeal, and the defendants BRP L2, LLC, and BRP Construction Group, LLC, separately appeal, from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated December 15, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability against those defendants.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendants Apex Skyline Construction, LLC, City of New York, Help, USA, BRP L2, LLC, and BRP Construction Group, LLC, are denied.
In May 2019, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in April 2018 when she was struck by a motor vehicle owned and operated by the defendant Leon Brent, Jr., while crossing the street in the crosswalk at the intersection of Hinsdale Street and Livonia Avenue in Brooklyn. According to the plaintiff, she was struck by Brent's vehicle after entering the crosswalk at the direction of an unidentified individual at the intersection who she believed was associated with a nearby construction project, based upon the individual's attire and because he was using a flag to direct pedestrians and vehicles through the [*2]intersection. The plaintiff moved, inter alia, for summary judgment on the issue of liability against the defendants Apex Skyline Construction, LLC, City of New York, Help, USA, BRP L2, LLC, and BRP Construction Group, LLC (hereinafter collectively the appellants). In an order dated December 15, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Apex Skyline Construction, LLC, the City and Help, USA, and BRP L2, LLC, and BRP Construction Group, LLC, separately appeal.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (E.B. v Gonzalez, 208 AD3d 618, 618, quoting Ortiz v Zurita, 195 AD3d 734, 735; see Beityaaghoob v Klein, 216 AD3d 724, 725). "'To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence'" (Beityaaghoob v Klein, 216 AD3d at 725, quoting Maliakel v Morio, 185 AD3d 1018, 1019).
Here, the plaintiff's submissions failed to establish, prima facie, that any of the appellants were involved in the nearby construction project or otherwise employed the flagperson at the time of the accident, and therefore, the plaintiff failed to establish her entitlement to judgment as a matter of law on the issue of liability against the appellants (see e.g. Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257; Fenster v Ellis, 71 AD3d 1079, 1080). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the appellants without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court