Miah v Lugo (2025 NY Slip Op 04169)

Miah v Lugo

2025 NY Slip Op 04169

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-11591
 (Index No. 716234/20)

[*1]Jahanara Miah, appellant-respondent, 
v
Roberto Lugo, et al., respondents-appellants.

Marino & Marino, P.C., Great Neck, NY (Salvatore R. Marino of counsel), for appellant-respondent.
Ehrlich Gayner, LLP (Strikowsky Drachman & Shapiro PLLC, New York, NY [Bruce M. Strikowsky], of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered September 26, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The order, insofar as cross-appealed from, denied the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a collision between her vehicle and a tractor-trailer owned by the defendant AB Medrano Trucking, LLC, and operated by the defendant Roberto Lugo. The accident occurred while the two vehicles, which had been traveling in the same direction, were attempting to make a left turn from a two-lane, one-way street, onto the intersecting street.
After the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability, and the defendants cross-moved for summary judgment dismissing the complaint. In an order entered September 26, 2024, the Supreme Court, among other things, denied that branch of the plaintiff's motion and denied the defendants' cross-motion. The plaintiff appeals and the defendants cross-appeal.
A plaintiff moving for summary judgment on the issue of liability in a negligence action must establish, prima facie, that the defendant breached a duty owed to him or her and that the defendant's negligence was a proximate cause of the alleged injuries (see Plazas v Sherlock, 228 AD3d 787, 788; Poon v Nisanov, 162 AD3d 804, 807). Such a plaintiff is not required to demonstrate his or her freedom from comparative fault (see Rodriguez v City of New York, 31 NY3d 312, 324-325; Jaipaulsingh v Umana, 208 AD3d 765, 766).
Here, the plaintiff failed to eliminate triable issues of fact as to the positioning of the [*2]vehicles prior to the collision, the manner in which the collision occurred, and whether Lugo was negligent in his operation of the tractor-trailer, including whether, under the circumstances presented, Lugo violated Vehicle and Traffic Law § 1128(a) by failing to drive his vehicle "as nearly as practicable entirely within a single lane" (id. [emphasis added]; see Olivo v Rent A Unit NY, Inc., 229 AD3d 712, 714). Since the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability, the Supreme Court properly denied that branch of her motion without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also correctly denied the defendants' cross-motion for summary judgment dismissing the complaint. "A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Smith-Joyner v Barahona, 227 AD3d 924, 926 [alteration and internal quotation marks omitted]; see Kirby v Lett, 208 AD3d 1174, 1175). "There can be more than one proximate cause of an accident, and generally, it is for the trier of fact to determine the issue of proximate cause" (Smith-Joyner v Barahona, 227 AD3d at 926 [alteration and internal quotation marks omitted]; see Blake v Francis, 205 AD3d 671, 672).
Here, the defendants failed to eliminate triable issues of fact, including as to whether Lugo was negligent per se because he violated a provision of the Vehicle and Traffic Law (see Beityaaghoob v Klein, 216 AD3d 724, 725; DePass v Beneduci, 207 AD3d 620, 621). Further, the report of the defendants' expert witness was unsworn and not in admissible form, and that deficiency in the original motion papers could not be cured in the reply papers (see CPLR 2106; Jaklitsch v Kelly, 176 AD3d 792, 793).
Accordingly, we affirm the order insofar as appealed and cross-appealed from.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court