Rosario v Scudieri
2026 NY Slip Op 03835
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Abel Rosario, Jr., appellant,
v
Robert Scudieri, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-02642, (Index No. 707918/16)
Angela G. Iannacci, J.P.
Paul Wooten
Deborah A. Dowling
James P. McCormack, JJ.

Stuart R. Lang, Brooklyn, NY, for appellant.
Jaime E. Gangemi (Connors & Connors, P.C., Staten Island, NY [Robert J. Pfuhler], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered January 16, 2025. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
On May 28, 2015, the plaintiff allegedly was injured when the bicycle he was riding collided with a vehicle operated by the defendant. Just prior to the accident, the plaintiff was riding his bicycle westbound on the eastbound side of Myrtle Avenue in Queens, and the defendant was traveling eastbound on Myrtle Avenue. While the plaintiff was crossing Union Turnpike in the crosswalk, the defendant turned right from Myrtle Avenue onto Union Turnpike, and the plaintiff's bicycle collided with the defendant's vehicle.
The plaintiff commenced this action to recover damages for his personal injuries and moved for summary judgment on the issue of liability. In an order entered January 16, 2025, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road" (Palma v Sherman, 55 AD3d 891, 891; see Vehicle and Traffic Law § 1146[a]; Kruter v United Parcel Serv. Gen. Servs. Co., 210 AD3d 671, 672). A driver has a "common-law duty to see that which he [or she] should have seen through the proper use of his [or her] senses" (Lieb v Jacobson, 202 AD3d 1072, 1073 [internal quotation marks omitted]). "There can be more than one proximate cause of a collision" (Lindner v Guzman, 163 AD3d 947, 948).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his affirmation. The plaintiff's affirmation demonstrated that the defendant violated Vehicle and Traffic Law § 1163 by failing to signal his intention to turn right from Myrtle Avenue onto Union Turnpike (see Moore v City of New York, 197 AD3d 93, 96), [*2]and was negligent in failing to see what was there to be seen through the proper use of his senses, and in making the turn before it was reasonably safe to do so (see Vehicle and Traffic Law § 1146[a]; Kruter v United Parcel Serv. Gen. Servs. Co., 210 AD3d at 672; Balladares v City of New York, 177 AD3d 942, 944).
In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, "[a] plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case against a defendant on the issue of that defendant's liability" (Baker v Michaels Elec. Supply Corp, 241 AD3d 768, 769 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312, 323).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court