Silverio v Ford Motor Co. (2020 NY Slip Op 02892)





Silverio v Ford Motor Co.


2020 NY Slip Op 02892


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Gische, J.P., Kapnick, Oing, González, JJ.


11530N 302990/12

[*1] Jose Silverio, Plaintiff-Appellant,
v
Ford Motor Company, et al., Defendants-Respondents.


Alexander J. Wulwick, New York, for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for respondents.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about October 15, 2019, which granted defendants' motion to vacate a judgment, same court and Justice, entered July 5, 2019, apportioning 100% liability to defendants based on a prior order of this Court that granted plaintiff partial summary judgment on liability, unanimously affirmed, without costs.
The IAS court providently exercised its discretion in granting defendants' motion to vacate a judgment, apportioning 100% liability to them before a trial on the issue of comparative negligence (see Woodson v Mendon Leasing Corp., 100 NY2d 62 [2003]). Contrary to plaintiff's reading of this Court's decision in Silverio v Ford Motor Co. (168 AD3d 608 [1st Dept 2019]), this Court did not make a finding on plaintiff's comparative negligence or lack thereof, but held only that plaintiff had established defendants' liability in connection with the motor vehicle accident. The Court also stated that plaintiff did not need to prove that he was not comparatively negligent in order to obtain partial summary judgment on the issue of defendants' liability, based on Rodriguez v City of New York (31 NY3d 312 [2018]). Plaintiff's interpretation of this Court's decision in Silverio (168 AD3d 608) would require finding that he was not comparatively negligent, despite the fact that he never moved for summary judgment on defendant's affirmative defense of comparative negligence or introduced evidence to support his contention that he did not contribute to the accident (see Poon v Nisanov, 162 AD3d 804 [2d Dept 2018]; see also Wray v Galella, 172 AD3d 1446, 1448 [2d Dept 2019]).
The issue of comparative fault should have been left to a jury in determining damages (see Cutaia v Board of Mgrs. of the Varick St. Condominium, 172 AD3d 424 [1st Dept 2019]; Bokum v Sera Sec. Servs., LLC, 165 AD3d 535 [1st Dept 2018]). Thus, the IAS court properly vacated the judgment apportioning all liability to defendants before a trial on comparative negligence.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK