Gama v 2001 Story Tower A LLC (2024 NY Slip Op 5633)

Gama v 2001 Story Tower A LLC

2024 NY Slip Op 5633

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 35276/20 Appeal No. 3027-3028 Case No. 2023-04968, 2024-01672 

[*1]Mary Gama, Plaintiff-Respondent,
v
2001 Story Tower A LLC, et al., Defendants-Appellants. 

Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for appellants.
Silbowitz, Garafola, Silbowitz & Schatz, LLP, Great Neck (Christopher G. Conway of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about September 18, 2023, which granted plaintiff's motion for summary judgment against defendants on the issue of liability, and order, same court and Justice, entered on or about February 14, 2024, which, in effect, granted defendants' motion to reargue their opposition to plaintiff's motion based on plaintiff's comparative fault and, upon reargument, adhered to its prior order, unanimously affirmed, without costs.
As an initial matter, the February 24, 2024 order is appealable because the court entertained the merits of defendants' motion to reargue, thereby effectively granting reargument (see Jean v Chinitz, 163 AD3d 497, 499 [1st Dept 2018]).
In this action arising from a fall down an exterior staircase owned and managed by defendants, the court properly left the issue of comparative fault to a jury by directing that the matter be set down for a trial on damages (see Silverio v Ford Motor Co., 183 AD3d 470, 470-471 [1st Dept 2020]). Contrary to defendants' contention, the September 18, 2023 order, which granted plaintiff's motion for summary judgment on the issue of defendants' liability, did not leave the issue of plaintiff's comparative fault open to interpretation by not specifically directing the jury to determine the issue of comparative negligence at the damages trial. Plaintiff never moved to dismiss defendants' affirmative defense of comparative negligence, and the September 2023 order neither dismissed that defense nor precluded defendants from arguing the defense.
Defendants' argument that there is a risk that a different judge assigned for trial may interpret the orders as dismissing the affirmative defense is unavailing. Even though plaintiff established defendants' liability on summary judgment, the jury at the damages trial will be tasked with considering the parties' culpability together and therefore must consider the issue of plaintiff's comparative negligence (see CPLR 1141; Rodriguez v City of New York, 31 NY3d 312, 324 [2018]; Montague v Shun Lee Palace Rest., Inc., 198 AD3d 511 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024