**Zuefle v Ryder Truck Rental**

2025 NY Slip Op 30360(U)

January 24, 2025

Supreme Court, New York County

Docket Number: Index No. 158490/2022

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. JAMES G. CLYNES**       PART       **22M**

*Justice*

-------------------------------------------------------------------------X

ANNA ZUEFLE,

           Plaintiff,

         - v -

RYDER TRUCK RENTAL, DIAMOND CHEMICAL
COMPANY INC, RAFAEL RAMOS-ANDRES,

           Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158490/2022 |
| MOTION DATE | 09/09/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 37, 38, 39, 40, 41

were read on this motion to/for       SUMMARY JUDGMENT (AFTER JOINDER)    .

Upon the foregoing documents, and following oral argument, the motion by Plaintiff for summary judgment in favor of Plaintiff against Defendants Diamond Chemical Company, Inc and Rafael Ramos-Andres on the issue of liability and to permit Plaintiff to amend her Complaint to include a claim for punitive damages and to amend her ad damnum clause, and to deem the Complaint filed and served nunc pro tunc, is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a September 20, 2022 motor vehicle accident between Plaintiff cyclist and a vehicle operated by Defendant Ramos-Andres during his employment with Defendant Diamond Chemical.

In support of her motion, Plaintiff submits, in pertinent part, the examination before trial testimonies of Plaintiff and Defendant Driver, still images of the alleged accident, and the proposed Amended Complaint.

Plaintiff testified that she was riding her bike with her helmet on at the intersection of Maiden Street and Water Street, she had headphones on and was listening to a podcast, she had no front or back lights on the bike, the traffic light at the intersection was red, Plaintiff came to a complete stop within the pedestrian crosswalk, a box truck was stopped to her left, when the traffic light turned green, Plaintiff started to move forward and was struck from the left side, tried to

158490/2022  ZUEFLE, ANNA vs. RYDER TRUCK RENTAL ET AL
Motion No. 001

Page 1 of 4

[* 1]

swerve to the right but was unable to avoid contact. She further testified that she does not remember whether the box truck had any directional signal on or not.

Defendant Driver testified that he was driving a 16-foot box truck, planning to make a right turn onto Water Street, he stopped at a red light, had his turn signal on, he checked the time on his phone because the truck does not have a clock inside, placed the phone back down, continued to wait for the red light to change, when the light changed to green, he made his right turn and he felt something on his rear wheel, he looked in the side passenger mirror and saw the bicycle on the ground. Defendant Driver testified that he did not see the bicyclist before the accident happened.

In opposition, Defendants rely on a video recording of the accident. Defendants' submission also includes an affidavit authenticating a video of the accident. Defendants contend that Defendant Driver was not "utilizing" his mobile phone as defined under the relevant statutes and that Plaintiff has failed to establish that VTL 1225-c (a) and CFR 392.82 were violated. With respect to Plaintiff's assertion that Defendant Driver did not see Plaintiff prior to the incident, Defendants contend that the video shows Plaintiff biking towards the intersection and the collision occurring all within a matter of less than 10 seconds and Plaintiff was behind a white car with its headlights illuminated and thus Defendant Driver's view was obstructed. Defendants further contend that there are questions of fact as to whether Plaintiff was riding her bicycle at a safe speed and if she kept a proper lookout for the traffic conditions.

The video purportedly contradicts Plaintiff's testimony by showing Plaintiff on her bicycle going straight into the intersection without stopping, in contrast to her testimony that she was stopped on the pedestrian crosswalk waiting for the light to turn green.

In reply, Plaintiff concedes that Defendants' conduct, while egregious, does not satisfy the difficult standard in meriting an award of punitive damages and withdraws the portion of her motion for leave to amend her complaint and her ad damnum clause to include a claim for punitive damages.

Plaintiff contends in her reply the fact that Defendant Driver may not have been using his phone for a phone call specifically cannot preclude a finding of Defendants' negligence as a matter of law. Plaintiff contends that she is entitled judgement as a matter of law pursuant to Vehicle and

Traffic Law 1146 (a) because Defendant admits to never seeing Plaintiff at any time prior to impact, the video evidence demonstrates that Defendant was looking at his phone for a significant amount of time while his vehicle was stationary and that Plaintiff was near his vehicle.

The proponent of a summary judgment motion must establish that there are no triable issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The moving party bears the burden of making a prima facie showing of entitlement of judgment as a matter of law, tendering sufficient evidence in admissible form, demonstrating there is an absence of material issues of fact (*Bazdaric v Almah Partners LLC*, 41 NY3d 310 [2024] *citing Alvarez* at 324). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v NY Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once the moving party has met the initial burden, the opposing party must demonstrate evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez* at 324).

Plaintiff has established entitlement to judgment on liability as a matter of law. It is undisputed that Defendant Driver failed to see Plaintiff before striking her. Defendant Driver had a duty to exercise due care in the operation of his vehicle and to avoid colliding into Plaintiff (VTL 1146). Thus, Defendants have failed to raise a material issue of fact and Plaintiff's motion for summary judgment is granted as to Defendants' liability. The Court of Appeals has held that a plaintiff may be entitled to partial summary judgment on the issue of a defendant's liability even if a defendant raises an issue of fact regarding a plaintiff's comparative negligence (*Carlos Rodriguez, Appellant, v City of NY, Respondent.*, 31 NY3d 312 [2018]). The issue of a plaintiff's comparative negligence is addressed and determined when considering the damages that a defendant owes to a plaintiff (*Id.* at 3). In this case, Defendants have raised an issue of fact as to whether Defendant Driver's conduct was the sole cause of the accident.

Accordingly, it is

**ORDERED** that the motion by Plaintiff for summary judgment in favor of Plaintiff against Defendants Diamond Chemical Company, Inc and Rafael Ramos-Andres on the issue of liability is granted; and it is further

158490/2022  ZUEFLE, ANNA vs. RYDER TRUCK RENTAL ET AL
Motion No. 001

Page 3 of 4

[* 3]

**ORDERED** that the portion of Plaintiff's motion to permit Plaintiff to amend her Complaint to include a claim for punitive damages and to amend her ad damnum clause, and to deem the Complaint filed and served nunc pro tunc is deemed withdrawn; and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 1/24/2025 | | | JAMES G. CLYNES, J.S.C. |
|---|---|---|---|
| DATE | | | |

| CHECK ONE: | ☐ CASE DISPOSED | X NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

158490/2022 ZUEFLE, ANNA vs. RYDER TRUCK RENTAL ET AL
Motion No. 001

Page 4 of 4