| |
|---|
| **Thomas v New York City Tr. Auth.** |
| 2025 NY Slip Op 31688(U) |
| May 9, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509033/2018 |
| Judge: Lisa Lewis |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an I.A.S. Trial Term, Part 20 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 9th day of May, 2025

PRESENT :
HON. LISA LEWIS
                                    Justice

DARYL THOMAS,                                          Cal No. 41

                              Plaintiff,               Index No.: 509033/2018
             -against-

NEW YORK CITY TRANSIT AUTHORITY,

                              Defendants.

| | Papers Numbered |
|---|---|
| The following papers numbered 1 to read herein | |
| Notice of Motion/Order to Show Cause/ and Affidavits (Affirmations) Annexed | 59-66 |
| Cross Motion and Affidavits (Affirmation) Annexed | |
| Answers/Opposing Affidavits (Affirmations) | 74-79 |
| Reply Affidavits (Affirmations) | 80 |
| Affidavit (Affirmation) | |
| Other Papers | |

Upon the foregoing papers, it is ordered that the motion is determined as follows:

Defendant's motion for summary judgment and dismissal of plaintiff's complaint and any cross-claims (Seq. 5) pursuant to CPLR § 3212 is denied.

Plaintiff commenced this action for personal injuries sustained on February 9, 2017, at approximately 5:00 PM when he slipped and fell on the stairs at the Winthrop Street Station number "2" subway station operated by defendant. Plaintiff filed the Summons and Complaint on May 2, 2018, and the issue was joined on May 30, 2018.

Defendant argues there was an ongoing snowstorm on the day of the incident and relies on the storm in progress defense. Defendant submits the pleadings, plaintiff's deposition transcript

[* 1]

and a climatological report (herein referred to as the "Certified Weather Report") in support of their motion. Plaintiff alleges that he slipped on snow and ice on the train stairs and that it was snowing and cold. The Certified Weather Report provides that on February 9, 2017, from 4:00 AM to 4:00 PM, there was "RA" (rain), "SN" (snow), "BR" (mist) and "BLSN" (blowing snow). Based on the foregoing, defendant contends evidence of a storm in progress warrants dismissal as defendant is afforded a reasonable amount of time after the storm ends to clear the walkway.

In opposition, plaintiff argues there are issues of fact in dispute as to whether defendant breached its duty by failing to clear the snow and ice from the stairway. He further argues that defendant's evidence is insufficient to establish a *prima facie* case of summary judgment, as plaintiff clearly stated that it also snowed the day before the incident and the cause of the accident was "thick" ice.

Plaintiff argues the Certified Weather Report indicates fluctuations in temperature, significant wind speeds, and variable pressure intervals and same would like exacerbate hazards like icy or slippery pathways. Moreover, plaintiff notes defendant failed to provide any maintenance logs to demonstrate timely or sufficient actions were taken to mitigate the risks. The plaintiff relied on his own 50-H transcript, wherein the plaintiff testified there was lots of snow on the ground and there was a lot of ice on the steps.

Plaintiff recounted it was snowing at the time of the accident, there was snow and ice on the stairs, and he was using the handrail while walking down. Plaintiff described the snow and ice as "dirty and gray". He testified he could not avoid stepping on the ice because it was on each one of the stairs. Plaintiff averred the ice was on every step and he saw no evidence of sand or shoveling on the stairs. He stated the ice was "so thick" and the did not know how long the ice had been there. Plaintiff testified that the cause of his slip was ice on the fourth step down from the top of

2

the staircase. He further argues that the maintenance records[1] fail to address the icy condition present on the date of the incident, and thus, triable issues of fact remain.

Pursuant to CPLR § 3212, the proponent must make a *prima facie* showing of entitlement to judgment as a matter of law. The motion for summary judgment must also "show that there is no defense to the cause of action" (*Rodriguez v City of New York*, 31 NY3d 312 [2018]). In deciding a summary judgment motion, the court does not make credibility determinations or findings of fact. Its function is to identify issues of fact, not to decide them (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505 [2012]). Once a *prima facie* showing has been made, the burden shifts to the non-moving party to prove that material issues of fact exist that must be resolved at trial. (*Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Here, defendant failed to establish a prima facie entitlement to summary judgment. While defendant demonstrated there was a storm in progress when plaintiff fell, plaintiff's testimony about the condition of the stairs at the time of his fall raised a triable issue of fact. Plaintiff established that there was evidence that snow and ice had accumulated on the stairs. Moreover, the Certified Weather Report shows that on February 7, 2017 and February 8, 2017, there was "RA" (rain), "BR" (mist) and "HZ" (haze). Thus, an issue of fact exists as to whether plaintiff's fall was caused by a pre-existing ice condition and whether defendant had a reasonable time to clear it before the accident.

The parties' remaining contentions, to the extent not expressly set forth herein, have been considered and are denied.

---

[1] While the parties refer to a maintenance record, no such report was included in the record.

**3**

[*.3]

Accordingly, it is hereby

**ORDERED** that defendant New York City Transit Authority's motion for summary judgment (Motion Seq. 5) is denied.

This constitutes the Decision and Order of the Court.

For Clerks use only
MG___
MD____
Motion Seq.#

_____

E N T E R

_____
J. S. C.

4

[* 4]